(17 Misc. Rep. 559)

## LAWRENCE v. SAMUELS.

(Supreme Court, Appellate Term, First Department. July 27, 1896.)

DAMAGES—PHYSICAL EXAMINATION OF FEMALE PLAINTIFF.

Under Code Civ. Proc. § 873, providing that, if a female plaintiff be subjected to a physical examination, she shall be entitled to have such examination made by a female physician, she need not make any special application to be examined by a female physician, and an order which provides otherwise is erroneous.

Appeal from city court of New York, general term.

Action by Lizzie Lawrence against Levi Samuels for personal injuries. From a judgment of the city court (38 N. Y. Supp. 976) affirming an order denying a motion to vacate an order for the physical and oral examination of plaintiff, plaintiff appeals. Reversed in part.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Fromme Bros., for appellant.

Nadal, Smyth, Carrere & Trafford, for respondent.

McADAM, J. The action was to recover damages for personal injuries, of a permanent character, alleged to have been sustained July 9, 1895, by falling down the rear stairway of a tenement house owned by the defendant, charged to have been kept by him in an unsafe and dangerous condition. Upon an affidavit made by the defendant showing the facts required to be stated by sections 872 and 873 of the Code, he obtained an order for the examination of the plaintiff as a witness before trial, and directing that she submit to a physical examination by a physician designated therein. The plaintiff thereafter obtained an order to show cause why the order for such examinations should not be vacated. The application was, after argument, denied, and the order for the examinations sustained.

The affidavit upon which the defendant's order was granted ap-

pears to contain all the facts necessary to be stated to entitle him to the relief claimed.    Lyon v. Railway Co., 142 N. Y. 298, 37 N. E. 113.    If any technical defects exist, they ought to have been specially called to our attention by the appellant, and not left for us to seek. The criticisms made by the appellant against the affidavit, in her points, are general, and appear to be without merit.    In the order to show cause why the order for examination should not be vacated, no irregularities are specified, nor are any defects pointed out.    It simply asks that the order for examination be "set aside upon the ground that the same was inadvertently granted, and the papers upon which the same was based are insufficient to justify the granting thereof."    The justice who granted the defendant's order heard the application to vacate it, and decided that it had not been inadvertently granted, but issued upon papers complying with all the statutory requirements; and the general term of the city court, in sustaining the order, concurred in this view.    The only objection specially urged is that the defendant's order requires the plaintiff to submit to a physical examination by a male physician.    The statute provides that, "if the party to be examined shall be a female, she shall be entitled to have such examination before physicians or surgeons of her own sex."    Code, § 872.    The court below did not think the order made was a substantial departure from the statute, because the record did not show that the plaintiff had made any effort to have it modified so as to provide for such an examination.    In Railway Co. v. Botsford, 141 U. S. 250, 11 Sup. Ct. 1001, the court, per Gray, J., said:

"The inviolability of the person is as much invaded by a compulsory stripping and exposure as by a blow. To compel any one, and especially a woman, to lay bare the body, or to submit it to the touch of a stranger, without lawful authority, is an indignity, an assault, and a trespass."

These words forcibly express the sentiment which induced the passage of the Code provision entitling females to have physical examinations before physicians or surgeons of their own sex.    We think the act is for the protection of female suitors, and that the plaintiff was entitled, as of right, to have inserted in the order the provision that a female physician make the examination, without making any special application for it as a favor or privilege.

It follows that, in so far as the order appealed from names a male physician, it must be reversed, with liberty to the defendant to apply to the court below for the naming of such a physician as the Code authorizes.    In other respects the order will be affirmed, without costs to either party in this court or in the court below.    All concur.