(20 Misc. Rep. 278.)

## LAWRENCE v. SAMUELS.

(Supreme Court, Appellate Term. May 27, 1897.)

APPEAL FROM CITY COURT TO APPELLATE TERM—DISCRETION.

An order of the city court of New York denying a motion for a further physical examination of plaintiff in an action for personal injuries, being a matter within the discretion of that court, is not reviewable by the appellate term of the supreme court.

Appeal from city court of New York, general term.

Action by Lizzie Lawrence against Levi Samuels for personal injuries. From an affirmance of an order denying a motion for an examination of plaintiff before trial (44 N. Y. Supp. 602), defendant appeals. Dismissed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

G. Thornton Warren, for appellant.

Fromme Bros., for respondent.

BISCHOFF, J. In this action, which is for personal injuries, an order was made at the instance of the defendant directing a physical examination of the plaintiff in the course of an examination before trial (Code Civ. Proc. § 873), and this order, upon appeal to this court, was modified so far as to require the appointment of a female examining physician (Lawrence v. Samuels, 17 Misc. Rep. 559, 40 N. Y. Supp. 686). The plaintiff, the physician, and counsel for the parties appeared before the referee appointed by the court below for the purposes of the proceeding, and, after an oral examination of the plaintiff by the physician, a physical examination took place, but it was not a very extensive one. The complaint contained a general averment of bodily injuries, and from the physician's inquiries it was made to appear that the direct injury suffered was a fracture of the ankle; but the plaintiff testified to the presence of pain resulting, apparently, from some affection of the muscles of the leg or of the sciatic nerve, and whether the irritation was muscular or nervous, whether or not induced by the injury complained of, and whether or not permanent in its nature the physician was not able to state satisfactorily, because, as she explained, she was "hampered by the circumstances of the examination." For a complete examination it

appeared that the plaintiff and the physician should have been accorded privacy, an exposure of the plaintiff's person, indecorous and inexpedient before those attending the reference, being necessary for the purpose; and the defendant's counsel moved that these women should be allowed to retire to some other room with any witness such as the plaintiff might name, or that the examination be had in the physician's private office. This was opposed by the plaintiff's counsel, who contended that the examination of his client should be had in his presence, and in the presence of the referee, the apparent object being, as stated by counsel, to "show the folly" of the law authorizing a physical examination. This enactment was not made to appear a thing of folly by the position assumed, since the practice suggested by the defendant's counsel was consistent with the reasonable intendment of the act, and the attitude of the plaintiff's counsel certainly was not. While the parties are required to appear (Code Civ. Proc. § 873) before the judge or the referee appointed "for the purposes of taking the examination," nothing in the statute calls for or justifies an immodest exposure of the plaintiff's person, nor can any inference of such an intent possibly be drawn from the words used. The parties are protected by the oral examination allowed, which, indeed, is the only examination which practically can be "taken." We have, further, the express provision that, "if the party to be examined shall be a female, she shall be entitled to have such examination before physicians or surgeons of her own sex"; and the futility of the argument that the legislature intended the physical examination of a female plaintiff to be in the presence of the referee and counsel thus becomes apparent. The proceedings before the referee were to all intents and purposes brought to an end by the stand taken by the plaintiff's counsel, since the physician was naturally unwilling, under the circumstances, to make an examination which involved the disrobing of the plaintiff, and the referee very properly refused to direct it. The matter was then presented to the court below at special term upon a full record of the proceedings, and the defendant's motion for a further physical examination was denied. The order denying the motion was affirmed by the general term, and from that affirmance this appeal was taken.

We may concede that the physical examination actually had was not as extensive as might reasonably have been asked by the appellant, and this was not due to any remissness of his own, but to the untenable attitude assumed by the respondent's counsel at the hearing before the referee. Still we cannot disturb the result which the general term below has approved, since the matter was one which appealed ultimately to the discretion of that court, and thus becomes one with which we may not deal. The physical examination which the statute renders available may be procured only as an incident to the examination of a party before trial, and is subject to the general rules governing such an examination and the application therefor. Code Civ. Proc. §§ 870, 872, 873; Lyon v. Railway Co., 142 N. Y. 298, 305, 37 N. E. 113. Further, the physical examination is to be had "under such restrictions and directions as to the court or judge shall seem proper." Section 873. While the order of reference in this

case did not contain restrictions as to the scope of the examination, the court approved such restrictions as were placed by the referee, and in all effect did exercise the discretionary power to restrict as it existed. The entire proceeding, being the same as any examination of the adverse party before trial, fell exclusively within the discretion of the court below to govern its extent (Jenkins v. Putnam, 106 N. Y. 272, 12 N. E. 613), and, there being no intimation in the record that the defendant's application for a further examination was denied on other than discretionary grounds (Clarke v. Lourie, 82 N. Y. 580), we have nothing to review, since an examination satisfactory to that court was actually accorded. Upon appeals from the general term of the city court our jurisdiction extends only to questions of law, and matters involving the exercise of discretion by the court below cannot be reviewed (Kreizer v. Allaire, 16 Misc. Rep. 6, 37 N. Y. Supp. 687), whatever our impressions as to the expediency of the result reached may be. The order in question was made in the course of an application for an examination before trial, and, since it was not based upon any grounds of law not involving discretion, it is not appealable. Jenkins v. Putnam, supra.

Appeal dismissed, with costs. All concur.