GOLDMARK v. UNITED STATES ELECTRO-GALVANIZING CO.

(Supreme Court, Appellate Division, First Department. March 9, 1906.)

1. DISCOVERY—EXAMINATION BEFORE TRIAL—STATUTORY PROVISIONS.
    Under Code Civ. Proc. § 870, as amended by Laws 1904, p. 1693, c. 696,
    authorizing the taking of deposition of any party at any time before or
    during the trial, section 872, prescribing the requisites of an application
    to take such a deposition, and section 873, providing that the judge to
    whom the application is presented must grant an order for the examina-
    tion, it is no answer to such an application that the party making it can
    subpœna the witness sought to be examined on the trial, or that the wit-
    ness would appear at the trial.

2. SAME.
    It is no answer to an application for the taking of a deposition of a
    party to an action, as authorized by Code Civ. Proc. § 870, as amended by
    Laws 1904, p. 1693, c. 696, and Code Civ. Proc. §§ 872, 873, that party
    making the application can procure the evidence from other persons than
    the person whose deposition is required.

3. SAME—LACHES.
    The right to an order for the examination of a party before or during
    a trial, given by Code Civ. Proc. § 870, as amended by Laws 1904, p. 1693,
    c. 696, is not affected by any question of laches of the applicant.

Appeal from Special Term, New York County.

Action by Godfrey Goldmark against the United States Electric-
Galvanizing Company. From an order denying a motion to vacate
an order for the examination of the president of the defendant as a
witness before trial, defendant appeals. Affirmed.

Argued before O'BRIEN, P. J., and INGRAHAM, McLAUGH-LIN, CLARKE, and HOUGHTON, JJ.

David Gerber, for appellant.

Theodore L. Frothingham, for respondent.

INGRAHAM, J.  This action was to recover commissions earned by the plaintiff under an agreement with the defendant, a foreign corporation, with a place of business in the county of Kings, in the city of New York.  The action is at issue and on the calendar ready for trial.  On January 10, 1906, the plaintiff presented an affidavit to a justice of the Supreme Court, and upon that affidavit an order was granted requiring the president of the defendant to appear and be examined pursuant to section 873 of the Code of Civil Procedure, and to produce certain books of the corporation for use upon the oral examination.  The defendant moved to vacate this order.  This motion was denied, and the defendant appeals.

Prior to 1899, section 870 of the Code of Civil Procedure gave to a party to an action pending in a court of record the right to take the deposition of any party to the action "at any time before the trial."  By chapter 696, p. 1693, of the Laws of 1904, this section of the Code was amended by giving a party the right to take such a deposition during, as well as before, the trial.  So, that as the provision now stands, any party to the action has the right to take the deposition of a party at any time before or during the trial.  Section 872 provides that a person desiring to take such a deposition must present to a justice of the Supreme Court, or to a county judge, an affidavit setting forth the names and residences of all the parties to the action, whether or not they have appeared, with the name and office address of the attorney, the nature of the action, and the substance of the judgment demanded, and, if a defense has been interposed, the nature of the defense, the name and residence of the person to be examined, and that the testimony of such person is material and necessary for the party making such application, or for the prosecution or defense of such action; and that if the party sought to be examined is a corporation, the affidavit shall state the names of the officers or directors thereof, or any of them whose testimony is necessary and material, or the books and papers as to the contents of which an examination or inspection is desired, and the order to be made in respect thereto shall direct the examination of such persons and the production of such books and papers.  Section 873 provides that the judge to whom such an affidavit is presented must grant an order for the examination.

Rule 82 of the General Rules of Practice provides that the affidavit shall specify the facts and circumstances which show, in conformity with subdivision 4 of section 872 of the Code that the examination of the person is material and necessary.  The appellant does not pretend that the affidavit upon which the order in this case was granted does not comply with section 872 of the Code and Rule 82; but it presented to the court below and to us on this appeal various reasons why the deposition should not be taken; and we think it proper to again state the rules which govern applications of this kind.  The rule that

the affidavit must state the fact and circumstances to show that the deposition of the proposed witness is material, and necessary to the party making the application, is intended to prevent an abuse of the permission to examine an adverse party, so that a party to an action will not be allowed to examine his opponents for an ulterior or improper purpose.

It is not an answer to such an application to say that the party making the application can subpœna the witness sought to be examined on the trial. Nor is a stipulation by a witness or a defendant that such a witness or defendant would appear for trial an answer to such an application. The Code expressly provides that the deposition is to be taken either before or during the trial. The object is to obtain testimony of an adverse party before the trial so that it can be used at the trial. Just what such an adverse party will swear to cannot be ascertained until the deposition is taken, and until the deposition is taken, in a condition to be read at the trial, a party cannot tell whether the evidence of the proposed witness would be sufficient to prove the particular facts desired to be proved, or whether he must procure other evidence of the fact. Nor is it an answer to such an application that the party making it can procure the evidence from other persons than of the person whose deposition is required. The statute does not require that it shall appear that the fact sought to be proved cannot be proved by other witnesses, but it authorizes a party to take the deposition of his opponent where his testimony can prove the fact which he desires to establish. Where an issue of fact is presented to be determined upon the trial of the action, and where it appears that a party to the action has knowledge of facts which are material in the determination of that issue, either party to the action under these provisions of the Code is entitled to examine such a party and have his deposition taken for use at the trial.

It is quite useless to attempt to reconcile the opinions in the various cases that have discussed this question. There are expressions in many of the opinions which are inconsistent with this conclusion; but we think the plain provision of the Code authorizes a party to an action to obtain the evidence of his opponent as to facts which are within his opponent's knowledge, leaving those questions to be disposed of, as to which there is a dispute. The right given by these sections of the Code is subject to abuse, and it is the duty of the court to prevent the abuse of its processes; but where there is no doubt of the good faith of a party to a litigation seeking to establish a fact essential to his cause of action by the testimony of his opponent, I can see no reason why a party is not entitled to have the knowledge of his opponent as to the fact which he wishes to establish put upon record, so that the evidence of that fact would be available to either party to the action when the trial takes place. It is not the duty of a court of justice to suppress the facts, or throw obstacles in the way of either party in esestablishing the truth; and where a party to the action has presented to a justice of the Supreme Court an affidavit complying with section 872 of the Code, and the facts and circumstances are stated which show that the testimony of the person whose deposition is proposed to be taken is material and necessary for the party making the application

for the prosecution or defense of the action, there is no reason why the examination should not be allowed, and the evidence preserved in such a form as to be available to either party upon the trial of the action.

There is no question of laches upon such an application. By the amendment of the Code of 1904, the deposition may be taken at any time before or during the trial, and this, I suppose, means just what it says, and the deposition may be taken at any time before or during the trial.

The order appealed from is affirmed, with $10 costs, and disbursements. All concur.