HILL v. McKANE et al.

(Supreme Court, Appellate Division, First Department.   November 23, 1906.)

DISCOVERY—EXAMINATION BEFORE TRIAL.

Under Code Civ. Proc. §§ 870–872, giving a party a right to examine his adversary, or expected adversary, before the pleadings are framed, plaintiff, having some kind of a cause of action against defendants, is entitled to an order for their examination before trial, to enable him to frame his complaint, without first framing his allegations either in fraud, or in conversion, or on contract, or for an accounting, and though he had been able to frame a complaint in an action for an accounting in another state which was futile and was terminated.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, §§ 45, 50.]

Appeal from Special Term, New York County.

Action by Charles P. Hill against John McKane and others. From an order granting a motion to vacate an order for examination of defendants before trial, plaintiff appeals. Reversed in part.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Archibald R. Watson, for appellant.

John M. Stearns, for respondents.

HOUGHTON, J. Under the rule laid down by this court in Goldmark v. United States Electro-Galvanizing Co., 111 App. Div. 526, 97 N. Y. Supp. 1078, and emphasized in McKeand v. Locke (Sup.; decided October term, 1906) 100 N. Y. Supp. 704, the order for the examination of defendant McKane should not have been set aside. It is manifest from the record that the plaintiff has a cause of action of some kind against the defendant McKane. The plaintiff paid to him $500, for which he himself assigned, and agreed to obtain from his co-owners a like assignment, to the plaintiff of a one-eighth interest in certain mining claims, which subsequently proved to be of great value. This interest has not been transferred to plaintiff, nor has any reason been given why it has not been done. The plaintiff should have an opportunity to examine the defendant McKane as to the facts to enable him to frame his complaint.

It was no answer to plaintiff's application to say that the plaintiff should first frame his allegations, either in fraud, or in conversion, or on contract, or for an accounting. The Code of Civil Procedure gives the party a right to examine his adversary, or expected adversary, before the pleadings are framed. Code Civ. Proc. §§ 870, 871, 872. Nor was it any reason for the setting aside of the order for examination that the plaintiff had been able to frame a complaint in an action for an accounting in the state of California. That proceeding, had been futile and was terminated.

The reasons for the examination of McKane do not apply to the other defendants, who stand in quite a different position.

The order appealed from should be reversed as to the defendant McKane, and the order for his examination reinstated, and affirmed as to the other defendants, without costs of appeal to either party. All concur.