(52 Misc. Rep. 295)

### BENDER v. BORK et al.

(Supreme Court, Special Term, Erie County. December, 1906.)

1. DISCOVERY—EXAMINATION OF PARTY—ATTENDANCE AT TRIAL.

That a party will attend the trial of an action is no reason for refusing an application for his examination under Code Civ. Proc. §§ 870, 872, 873, providing for the examination of a party before trial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, § 57.]

2. SAME—APPLICATION—DENIAL.

Under Code Civ. Proc. §§ 870, 872, 873, providing for the examination of a party before trial, it is within the discretion of the court to deny the application where it appears that it is made for purposes of annoyance or delay, although the language of the statute is mandatory.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, § 47.]

3. SAME—MOTION TO VACATE ORDER—GROUNDS FOR DENIAL.

On a motion to vacate an order granted ex parte for the examination 'of a party before trial, it appeared that the action was for specific performance of a contract to sell real estate, that the sale was made subject to the approval of the party, and the complaint alleged approval and the answer denied it. *Held,* that the party seeking the examination brought himself within the provisions of Code Civ. Proc. §§ 870, 872, 873, providing for the examination of a party before trial, and the motion should be denied.

Action by Peter Bender against George W. Bork and others. Motion to vacate an order for the examination of a party before trial. Denied.

H. B. Butterfield, for plaintiff.
Vernon Cole, for defendants.

WHEELER, J. The counsel for Mr. Shire contends the order for his examination was improvidently granted, and should be vacated, on the ground that the moving papers made out no case warranting the order for examination. Counsel for Mr. Shire also read an affidavit to the effect that Mr. Shire will be personally present at the trial to testify on his own behalf. The cases are quite uniform in holding that the fact that a witness or a party will attend the trial of an action is no answer to the application for an examination of such person under the provisions of sections 870, 872, 873, Code Civ. Proc.

Goldmark v. U. S. Electro Galvanizing Co., 111 App. Div. 526, 97 N. Y. Supp. 1078; Press Pub. Co. v. Star Co., 33 App. Div. 242,.53 N. Y. Supp. 371; Presbrey v. Public Opinion Co., 6 App. Div. 600, 39 N. Y. Supp. 957; Magnolia Metal Co. v. Sugden, 57 App. Div. 575, 68 N. Y. Supp. 563; Tanenbaum v. Lippmann, 89 App. Div. 21, 85 N. Y. Supp. 122.

We are then to inquire into the facts disclosed by the plaintiff's papers to see whether a proper case is presented for the granting of the order; for, although the provisions of the Code appear mandatory in their terms, nevertheless it is well established the judge is not necessarily compelled to grant the order as a matter of strict right, but where it appears the application is made for purposes of annoyance or delay should deny same.   Jenkins v. Putnam, 106 N. Y. 272, 12 N. E. 613.   Although the language of the section is apparently mandatory, the granting or refusal to grant such an order is in a degree a matter of discretion.   Matter of Davies, 168 N. Y. 102, 61 N. E. 118, 56 L. R. A. 855.   Notwithstanding it appears to have been the practice of the courts to regard the privilege to examine an opposing party as a substantial right when free from abuse of that right, and this is particularly true when it is made to appear that the facts sought to be established are within the personal knowledge of the defendant, and it is necessary to prove them to make out the plaintiff's case. Commercial Pub. Co. v. Beckwith, 57 App. Div. 574, 68 N. Y. Supp. 600; Tanenbaum v. Lippmann, 89 App. Div. 21, 85 N. Y. Supp. 122; Presbrey v. Public Opinion Co., 6 App. Div. 600, 39 N. Y. Supp. 957. In Goldmark v. U. S. Electro Galvanizing Co., 111 App. Div. 526, 97 N. Y. Supp. 1078, the court says that:

"Where there is no doubt of the good faith of a party to a litigation seeking to establish a fact essential to his cause of action by the testimony of his opponent, I can see no reason why a party is not entitled to have the knowledge of his opponent as to the fact which he wishes to establish put upon record, so that the evidence of that fact would be available to either party to the action when the trial takes place.   It is not the duty of a court of justice to suppress the fact, or throw obstacles in the way of either party establishing the truth, and where a party to an action has presented to a justice of the Supreme Court an affidavit complying with section 872 of the Code, and the facts and circumstances are stated which show that the testimony of the person whose deposition is proposed to be taken is material and necessary for the party making the application for the prosecution or defense of the action, there is no reason why the examination should not be allowed."

The plaintiff seems to have brought himself within the provisions of the sections of the Code in question and of the decided cases. The action is for the specific performance of a contract for the sale of certain real estate.   The sale was made subject to the approval of Mr. Shire, and the complaint alleges such an approval on Mr. Shire's part.   The answers deny that fact.   Whether he approved or not is peculiarly within the knowledge of Mr. Shire, and the plaintiff in our opinion has the right to establish that fact if he can by Mr. Shire's testimony, and may do this by an examination before trial, and is not required to wait until trial before putting him on the witness stand.

The motion to vacate order is denied, with $10 costs.