(53 Misc. Rep. 400.)

### In re COHEN.

(Supreme Court, Special Term, New York County. March, 1907.)

DISCOVERY—DEPOSITIONS—AFFIDAVIT—SUFFICIENCY.

    An affidavit, on which an order to take depositions of expected adverse parties was obtained, failed to state the street and number of the place of business of such parties, and that they were of full age, and did not state that it was desired to perpetuate their testimony, nor show any necessity for perpetuating it, nor show that a cause of action existed, as required by Code Civ. Proc. § 871, subd. 6. *Held*, that an order to take such depositions would not be granted.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, §§ 68–70.]

In the matter of Cohen. Motion to vacate order to take deposition of expected adverse party when no action is pending. Motion granted.

Hays & Herschfield, for the motion.

S. F. Hyman, opposed.

GREENBAUM, J. The affidavit upon which the order in this case was obtained seems to me to be fatally defective in several particulars. Matter of Ellett v. Young, 95 App. Div. 417, 88 N. Y. Supp. 661, sufficiently indicates the difference recognized in the provisions of the Code between a case where an action is pending and one where no action is pending. In the latter case a compliance with the provisions of subdivision 6, § 871, of the Code of Civil Procedure is a prerequisite. The affidavit of the applicant omits to state the street and street number of the office or place of business of the expected adverse parties, and that they are of full age. In the Ellett Case, supra (pages 420, 421 of 95 App. Div., 88 N. Y. Supp. 661), it is made clear that in an action which has not yet been commenced a witness cannot be examined for the purpose of enabling a party to frame a complaint, and that in such case the right to an examination is limited to a situation where circumstances are set forth showing that "it is necessary for the applicant's rights that the witness' testimony should be perpetuated." In the applicants' affidavit the purpose for the examination is disclosed to be the ascertainment of the extent to which the expected parties defendant participated in the alleged conspiracy. This is far from stating that it is desired to perpetuate the testimony of these witnesses, and, as no facts or circumstances are stated showing a necessity for the perpetuation of the testimony sought, no warrant for the order exists. In addition to the foregoing criticisms, it seems to me that the papers fail to show what is an essential ingredient, to wit, that any cause of action exists in favor of the applicants. There are no facts alleged from which it may be inferred that the expected defendants did any of the acts complained of. The allegations at best

are mere conclusions of fact of the affiant. There is lacking the essential element that the acts complained of were without justification or done maliciously or wantonly. The recent liberal interpretations relating to depositions before trial (Goldmark v. United States Electro-Galvanizing Co., 111 App. Div. 526, 97 N. Y. Supp. 1078; McKeand v. Locke, 115 App. Div. 174, 100 N. Y. Supp. 704; Hill v. McKane, 101 N. Y. Supp. 411, 115 App. Div. 537) are not to be construed as designed to nullify the express provisions of the Code.

The order must be vacated.