(53 Misc. Rep. 532)

### TIRPAK v. HOE et al.

(Supreme Court, Appellate Term. April 10, 1907.)

1. DISCOVERY—EXAMINATION BEFORE TRIAL—PHYSICAL EXAMINATION.

Code Civ. Proc. § 870, provides that the deposition of a party to an action may be taken at his own instance, or at the instance of an adverse party, at any time before the trial, as prescribed in the act; and section 873 declares that the judge to whom such an application is presented must grant an order for the examination, if an action is pending and the application is made in good faith to preserve the expected testimony, and in every action to recover damages for personal injuries the judge may direct a physical examination of plaintiff before trial. *Held*, that where defendants in an action for injuries applied for an examination of plaintiff before trial, and the moving papers showed that defendants were ignorant of the facts, they were not only entitled to a physical examination of plaintiff's person, but were also entitled to examine plaintiff concerning the manner in which his alleged injuries were sustained, as well as the nature, location, extent, and effect thereof.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, §§ 92–98.]

2. SAME—BILL OF PARTICULARS.

In was no answer to an application for an examination of plaintiff before trial, as authorized by Code Civ. Proc. §§ 870, 873, that defendants might have obtained the information sought by an application for a bill of particulars.

3. SAME—GOOD FAITH.

Under Code Civ. Proc. § 873, authorizing examination of a party before trial, the court is bound to grant an application for such examination, provided the requirements of the Code and general rules of practice have been complied with, unless the application is made in bad faith.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, § 47.]

4. APPEAL—CITY COURT ORDER—REVIEW—DISCRETION.

Under the express provisions of Code Civ. Proc. § 3189, as amended by Laws 1902, p. 1231, c. 510, the Supreme Court on appeal has power to review any exercise of discretion by the City Court of New York.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3811.]

Appeal from City Court of New York, Special Term.

Action by Andrew Tirpak against Robert Hoe and another. From an order of the City Court of New York, modifying an order for the examination of plaintiff as an adverse party before trial and for his physical examination, defendants appeal. Reversed, and original order reinstated.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

Edward G. Pringle, for appellants.

Jones & Nekarda (L. B. Treadwell and R. W. Darling, of counsel), for respondent.

GIEGERICH, J.  The action is to recover damages for a personal injury by reason of the alleged negligence of the defendants.  The defendants procured an order for the examination of the plaintiff as an adverse party before trial, which included a provision for his physical examination.  Among the affidavits upon which such order was made, the affidavit of Charles W. Carpenter sets forth, among other things, that the defendants are ignorant of the nature and extent of the injuries complained of, of the manner in which such injuries were sustained, and of other material facts within the personal knowledge of the plaintiff as to the manner in which the alleged injuries happened to the plaintiff.  The order required the plaintiff to appear before the referee therein named to be examined as an adverse party before trial "concerning the nature, location, extent, and effect of the alleged injuries complained of in the complaint, and concerning the manner in which the said injuries were sustained, and concerning the other matters referred to in the said annexed affidavit of Charles W. Carpenter."  The plaintiff subsequently applied for and obtained, notwithstanding the opposition of the defendants thereto, an order modifying the above-mentioned order by striking out the words "and concerning the manner in which said injuries were sustained, and concerning the other matters referred to in said affidavit of Charles W. Carpenter," thus restricting the oral examination to the nature and extent of the alleged injuries; and the defendants have brought on this appeal.

The motion to modify the order was based solely upon the papers upon which it was granted, but the defendants submitted affidavits in opposition.  The notice of motion sets forth, and the order appealed from recites, two grounds of the application, viz., that the information sought on the general examination of the plaintiff as to the manner in which he was injured (1) is not within the purview of section 873 of the Code of Civil Procedure, but consists of matters to be passed upon by a jury, and not by a referee, and (2) could only have been ascertained by a bill of particulars.

As to the first ground, the affidavit of Mr. Carpenter states "that the defendants desire to take the deposition of the said Andrew Tirpak, the plaintiff herein, under and pursuant to the provisions of section 870 et seq. of the Code of Civil Procedure," and upon a reading of such order it will be seen that it directs the examination of the plaintiff as a witness before trial upon the matters indicated under section 870 of the Code, and a physical examination under section 873 of the Code.  Such practice is directly sanctioned by the language of section 873 of the Code, which, so far as applicable, provides that:

"In every action to recover damages for personal injuries, the court or judge, in granting an order for the examination of the plaintiff before trial, may, if the defendant apply therefor, direct that the plaintiff submit to a physical examination, * * * and such examination shall be had and made under such restrictions and directions as to the court or judge shall seem proper."

The Court of Appeals in Lyon v. Manhattan Railway Company, 142 N. Y. 298, 305, 37 N. E. 113, 25 L. R. A. 402, construing these provisions, which were added by chapter 721, p. 1791, of the Laws of 1893, said:

"The statute has in terms provided that the physical examination shall be procured in the same way and as part of an examination of the party before trial; and in that way only, and by conforming to the general provisions of law on the subject, can the object and purpose of the amendment ever be attained. This construction gives effect to every word of the section as amended, and is in harmony with the other sections immediately preceding and following it. Then the referee becomes something more than a mere spectator at an idle ceremony. He may take the plaintiff's testimony upon the issue and report to the court as upon an examination before trial."

The doctrine of this case was followed and applied in Lawrence v. Samuels, 20 Misc. Rep. 278, 280, 45 N. Y. Supp. 743, where the Appellate Term, speaking through Mr. Justice Bischoff, said:

"The physical examination, which the statute renders available, may be procured only as an incident to the examination of a party before trial, and is subject to the general rules governing such an examination and the application therefor. Code Civ. Proc. §§ 870, 872, 873; Lyon v. Man. Ry. Co., 142 N. Y. 298, 305, 37 N. E. 113, 25 L. R. A. 402."

Under these authorities, the order for the physical examination of the plaintiff, as well as his oral examination regarding the manner of the accident, was, upon the facts disclosed, fully authorized; and hence the modification of the order, whereby the oral examination of the plaintiff is restricted to the physical injuries complained of, cannot be sustained upon the ground first considered.

The second ground assigned in the notice of motion and order of modification, viz., that the information sought could have been procured by a bill of particulars, is equally untenable. Even if the defendants might have obtained such information in that way, which, however, the papers do not disclose, they were not limited to this method of obtaining it; but they had the right to obtain it by an examination of the plaintiff under an order for his examination as an adverse party before trial. Dudley v. New York Filter Mfg. Co., 80 App. Div. 164, 80 N. Y. Supp. 529. In the case last cited the order was upheld, although a bill of particulars had already been furnished. Further authorities in support of the defendants' position will be found in the recent decisions of the Appellate Division of this Department in Goldmark v. U. S. Electro Co., 111 App. Div. 526, 97 N. Y. Supp. 1078; McKeand v. Locke, 115 App. Div. 174, 100 N. Y. Supp. 704; Hill v. McKane, 101 N. Y. Supp. 411, 115 App. Div. 537. These cases have established a more liberal practice in reference to depositions before trial than has heretofore prevailed, and, briefly stated, hold that bad faith alone can defeat the right to an examination of a party before trial, provided the requirements of the Code of Civil Procedure and the general rules of practice have been complied with. There is no claim on the part of the plaintiff that the defendants have not conformed to such requirements.

The court below did not hand down an opinion, and the memorandum of the decision does not disclose the ground for the modification of the order and the granting of the order appealed from. It may therefore be assumed that the decision was based upon either one or both of the sole grounds referred to in the notice of motion. As seen, such modification cannot be sustained under the authorities above cited; nor have I been able, after careful examination, to discover any grounds upon which it can be sustained. The affidavit of Mr. Carpenter shows,

without contradiction, that the defendants are ignorant of the facts concerning which they seek to examine the plaintiff, and therefore the scope of the examination provided for in the original order was proper, and such examination should not have been limited to the mere nature and extent of the plaintiff's injuries, but should have permitted inquiry into the manner of the happening of the accident.

It is also urged by the plaintiff that this court cannot review the exercise of discretion by the court below in restricting the oral examination of the plaintiff; but, upon examining the cases cited by him in support of such point, it will be seen that they were decided before section 3189 of the Code was amended by chapter 515, p. 1231, of the Laws of 1902, which provides that, upon an appeal from an order of the City Court, this court "shall have full power to review any exercise of discretion by the court or judge below."

The order appealed from should therefore be reversed, and the order for the examination of the plaintiff in its original form reinstated, with costs and disbursements to the appellants. All concur.