motion to set aside the service. If the complaint upon its face shows that fact, then the proper practice is to demur. Id. § 488. If it does not appear on the face of the complaint, then the objection may be taken by answer. Id. § 498. The legality and regularity of the service of the summons are the only questions to be considered. Atlantic & Pacific Telephone Co. v. B. & O. R. R. Co., 87 N. Y. 355; Mabon v. Ongley Electric Co., 24 App. Div. 50, 48 N. Y. Supp. 973.

Whether or not the court has jurisdiction of the subject-matter of an action is ordinarily determined, not from affidavits, but from the pleadings or proof taken at the trial. Johnson v. Adams Tobacco Co., 14 Hun, 89. If it clearly appeared that the court did not have jurisdiction of the subject-matter.of the action, then it is possible the whole proceeding might be dismissed on a motion to set aside the service of the summons; but that is not the regular way of raising the question of jurisdiction, nor does that fact here appear. In this respect the case is distinguishable from Grant v. Cananea Consolidated Copper Co., 117 App. Div. 576, 102 N. Y. Supp. 642.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

INGRAHAM and HOUGHTON, JJ., concur.

CLARKE, J. I concur in the reversal solely upon the ground that it is not clearly shown that the cause of action is not one of those provided for in subdivision 1 or 3 of section 1780 of the Code of Civil Procedure upon which one foreign corporation may sue another within this state.

LAMBERT, J., concurs.

———————

(120 App. Div. 813)

HALLENBERG v. GREENE et al.

(Supreme Court, Appellate Division, First Department. July 15, 1907.)

DEPOSITIONS—STATUTORY PROVISIONS—REFERENCE.

In view of Code Civ. Proc. § 870, providing that the deposition of a party to an action pending in a court of record may be taken at his own instance, or at the instance of an adverse party, or by a coplaintiff or codefendant, at any time before or during the trial, where an ex parte order for the examination of a defendant in a pending action does not appear to have been without jurisdiction, it should not be vacated merely because the trial was then pending before a referee.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Depositions, § 20.]

Appeal from Special Term.

Action by Axel W. Hallenberg against William G. Greene and others. From an order vacating an ex parte order for the examination of a defendant, plaintiff appeals. Reversed.

See 84 N. Y. Supp. 319, 87 App. Div. 259.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, LAMBERT, and HOUGHTON, JJ.

Edward L. Blackman, for appellant.
M. E. Harby, for respondents.

LAMBERT, J. There does not appear to have been any serious question that the facts justified the ex parte order for the examination of the defendant respondents. The order vacating such order was made upon the single ground, stated in the opinion of the court at Special Term, that "this action is now pending before a referee, and therefore the order herein for the examination of the defendant Greene is unnecessary." Section 870 of the Code of Civil Procedure specially provides that an examination of this character "may be taken at his own instance, or at the instance of an adverse party, or by a coplaintiff or codefendant, at any time before or during the trial, as prescribed in this article." The fact that the case is actually on trial does not make any difference. The rule of the Code is positive, and the original order, being proper upon the facts before the court, should not have been vacated. Goldmark v. Electro-Galvanizing Co., 111 App. Div. 526, 528, 97 N. Y. Supp. 1078; McKeand v. Locke, 115 App. Div. 174, 100 N. Y. Supp. 704.

The order appealed from should be reversed, with $10 costs and disbursements, and the order for examination of defendant should be reinstated, and the motion to vacate denied, with $10 costs. All concur.

(120 App. Div. 798)

## In re WOLTMAN.

(Supreme Court, Appellate Division, First Department. July 15, 1907.)

TRUSTS—SAVINGS ACCOUNT—TITLE TO PROPERTY—DETERMINATION—PROCEEDINGS.

Where testator deposited certain of his savings in a savings bank in the name of an incompetent in trust for testator, whether an irrevocable trust was created, so that the proceeds of the deposit passed to testator's executor, could not be determined on an application by the incompetent's committee to compel such executor to deliver the savings bank books showing such deposits to the committee.

Appeal from Special Term, New York County.

Petition by Christopher Blackburn and Andrew Pfirrmann, as committee of the person and property of Diedrick Woltman, an incompetent, to compel George E. Alstadt to deliver to petitioners certain savings bank books showing an account in the name of Diedrick Woltman in trust for Herman Woltman. From an order directing the summary delivery of the books, Alstadt appeals. Reversed. Petition denied.

Argued before McLAUGHLIN, INGRAHAM, CLARKE, HOUGHTON, and LAMBERT, JJ.

Purdy, Squire & Rowe (George A. Kues and Allan C. Rowe, on the brief, of counsel), for appellant.

Firsson & Beall (D. J. Mooney, of counsel), for respondents.

CLARKE, J. This is an appeal from an order of the Special Term, upon a petition and notice of motion to compel the respondent, George E. Alstadt, to deliver to the petitioner two savings bank books showing accounts in the name of "Diedrick Woltman, in trust for Herman