(80 Misc. Rep. 642.)

### LYON v. GLOECKNER et al.

(Supreme Court, Appellate Term, First Department. May 22, 1913.)

DISCOVERY (§ 38*)—EXAMINATION OF DEFENDANTS BEFORE TRIAL—RIGHT TO.

In an action by a resident of England for commissions on sales made for defendants, they pleaded a counterclaim, alleging that plaintiff had collected for defendant's account $124, above all sums due him. *Held* that, plaintiff being a nonresident and the case being for a small amount, an order for the examination of defendants before trial should be granted upon the affidavit of plaintiff's attorney that the facts constituting a counterclaim are not within the knowledge of plaintiff, but are peculiarly within the knowledge of defendants; for, if the counterclaim is an honest one, defendants will not be injured, while plaintiff's action, if the examination be refused, might be lost, owing to his distant residence.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 51; Dec. Dig. § 38.*]

Appeal from City Court of New York, Special Term.

Action by John Lyon, doing business as John Lyon & Co., against Ludwig G. Gloeckner and Hans O. Schundler, copartners doing business under the name of Gloeckner & Schundler. From an order vacating an order for the examination of the defendants before trial, plaintiff appeals. Reversed.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

William P. Maloney, of New York City (William L. Tierney, of New York City, of counsel), for appellant.

Ralph James M. Bullowa, of New York City, for respondents.

WHITAKER, J. The plaintiff in this action resides in England, and the defendants reside in New York. Plaintiff sues for commissions on sales of wood made by plaintiff for the account of defendants in England, amounting to $554.33. Plaintiff also sues defendants for 2 per cent. commission on sales made by defendants in New York for one Rushforth, who also lives in England. These commissions, plaintiff alleges, amount to $200, which defendants agreed to pay plaintiff if he procured Rushforth to send logs to defendants for sale in New York. The defense is a general denial and counterclaim. Defendants' counterclaim is for the sum of $124.25, which defendants allege plaintiff collected for defendants' account above all sums due plaintiff from defendants. Plaintiff denies counterclaim.

Plaintiff procured an order for the examination of the defendants before trial. The order was vacated by the justice who granted it, upon the ground that the information required by the plaintiff should be obtained by a bill of particulars, and also upon the ground that some of the facts asked for are within the knowledge of the plaintiff. The affidavit of plaintiff's attorney states that the facts constituting the counterclaim are not within the knowledge of plaintiff, but, upon the other hand, are peculiarly within the knowledge of the defendants; that plaintiff has no knowledge, and that the pleadings do

not set forth the order or consignment upon which the $124.25 became due, neither does it show where collected, nor where it was demanded, or in what manner payment was refused. Plaintiff also claims that certain expenditures and commissions which are based. upon the quality and condition of the lumber, its dryness, breakage, etc., in New York at the time of shipping, can only be established by evidence wholly within the knowledge of the defendants; and the same in relation to the contract between Rushforth and defendants as to the amount of lumber shipped, its value, condition, etc., upon which the commission of 2 per cent. is computed, are within the knowledge of defendants, and not within the knowledge of plaintiff. The plaintiff also claims that the facts concerning the counterclaim set up by the defendants are peculiarly within their knowledge, and are not disclosed in the pleadings.

Under such circumstances, I do not think that it can be said that the plaintiff is simply trying to cross-examine the defendants. If the defendants have an honest defense, the examination will not hurt them. If they have not an honest defense, the plaintiff should be allowed to ascertain the fact. The plaintiff resides 3,000 miles away from New York. His claim is so small that he could not attend here to prosecute it in person. There may be facts which he would be required to testify to personally, unless he can prove them by defendants. The testimony of the defendants may obviate the necessity of the plaintiff's personal attendance. If the defendants are not compelled to testify before trial, it may result in plaintiff losing his claim by reason of his inability to come 3,000 miles to testify. The court should not aid the defendants in defeating plaintiff's claim by taking advantage of plaintiff's far-distant residence. The interests of commerce demand that our courts should give all proper aid to foreign creditors in the collection of just demands. I think that the case at bar is fairly within the principles laid down in Goldmark v. U. S. Electro-Galvanizing Co., 111 App. Div. 526, 97 N. Y. Supp. 1078, Shonts v. Thomas, 116 App. Div. 854, 102 N. Y. Supp. 324, and Kornbluth v. Isaacs, 149 App. Div. 108, 133 N. Y. Supp. 737.

The order vacating the order for the examination of defendants before trial should be reversed, with $10 costs and disbursements. All concur.