OPPENHEIM v. ABBOTT et al.

(Supreme Court, Special Term, New York County. July 24, 1916.)

DISCOVERY ⨺37—STATUTORY EXAMINATION BEFORE TRIAL.

    Where plaintiff's testator had conveyed away valuable real property for the benefit of defendant corporation, of which another defendant was sole stockholder, and plaintiff stated she did not know, and had not been able to ascertain, in which way her testator was to be compensated therefor, whether in cash, or property, or both, plaintiff was entitled to an order for examination of defendants before trial, without first framing a complaint for specific performance, or for money damages, or for an accounting, although plaintiff had already begun two actions against defendants; one to recover half the stock of the defendant corporation, alleged to have belonged to the testator at the time of his death, and to have been paid for by him in cash at the time the company was organized, or shortly thereafter, and the other to recover the balance of moneys alleged to have been loaned by the testator to the company, extending over a period of time from the organization of the company to the death of the testator, and only partly repaid.

    [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 50; Dec. Dig. ⨺37.]

Action by Bertha Oppenheim as executrix, against Katherine H. Abbott and another. On motion by defendants to vacate an order for their examination by plaintiff before trial. Denied.

Gilbert, Lauterstein & Gilbert and A. S. Gilbert, all of New York City, for the motion.

Dulon & Roe, of New York City, opposed.

GIEGERICH, J. The question presented on this motion is whether an order heretofore obtained by the plaintiff for the examination of the defendants ought to stand or be vacated. The purpose of the examination is to obtain information to enable the plaintiff to frame her complaint. It is undisputed that the plaintiff's testator conveyed away valuable property, and that the benefit thereof went, not to him, but to the defendant company, of which the defendant Katherine H. Abbott, otherwise known as Katherine F. Hargrave, claims to be the sole stockholder. Her contention seems to be that the plaintiff's testator, because of his friendship for her, wished her to have the benefit of the property in question. She says that he had given to her corporation a paper signed by him, in which he stated that he transferred all his

interest in the property in question to her corporation, and she further says that such paper was executed under no understanding between him and her, or her company, and that when he later conveyed the property he did so without any understanding that he should receive any consideration whatever therefor.

Upon more careful examination I cannot find any sufficient foundation for the defendants' claim that the present proposed action involves the same transactions as the two actions already begun by this plaintiff against them. One of those actions is to recover one-half of the stock of the defendant company, alleged to have belonged to the testator at the time of his death and to have been paid for by him in cash at the time the company was organized, or shortly thereafter. The other action is to recover the balance of moneys alleged to have been loaned by the testator to the company, extending over a period of time from the organization of the company to the death of the testator, and only partly repaid. The action now instituted seeks to recover for the real estate conveyed away by the testator for the benefit of the defendants. The three causes of action would thus appear to be separate and to arise out of independent transactions. The plaintiff states that she does not know, and has not been able to find out, in what way her testator was to be compensated for the real estate thus conveyed, whether in cash, or property, or both, and therefore she does not know in what form to frame her complaint—whether for specific performance, or for money damages, or for an accounting. The words of the court in Hill v. McKane, 115 App. Div. 537, 101 N. Y. Supp. 411, are just in point, viz.:

"It was no answer to plaintiff's application to say that the plaintiff should first frame his allegations, either in fraud, or in conversion, or on contract, or for an accounting. The Code of Civil Procedure gives the party a right to examine his adversary, or expected adversary, before the pleadings are framed."

Similarly in Kastner v. Kastner, 53 App. Div. 293, 294, 65 N. Y. Supp. 756, the court said:

"It is clearly evident, therefore, that, as the plaintiff is ignorant of any of the matters connected with the copartnership either before or since the death of her intestate, she is entitled to have a full and complete examination of the acts and doings of her trustees in connection with the property which they hold in trust, to the end that she may be enabled so to frame her complaint that she may have the relief that the facts warrant."

It may be added that, not only is it the plaintiff's right to have an examination in such a case, but it is in the public interest that such an examination be had, in order to save the time of the courts, which would be wasted if plaintiffs in such cases were compelled to bring actions blindly, and consequently to seek the wrong relief in the first instance in many cases.

The motion for reargument should be granted, without costs, and the motion to vacate denied, with $10 costs. Settle order on notice.