FRED BEHL, Plaintiff, *v.* EDWARD GREENBAUM, LENA GREENBAUM and WILLIAM C. SMITH, Defendants.

(Supreme Court, Monroe Special Term, February, 1918.)

Depositions — when examination before trial may be had — evidence — Code Civ. Pro. § 872 — rule 82, General Rules of Practice.

> An examination of a party before trial as to any or all of the issues may be had only upon a substantial compliance with the requirements of section 872 of the Code of Civil Procedure and rule 82 of the General Rules of Practice, disregarding all technical objections, and upon showing by facts and circumstances that the testimony is material and necessary.

MOTION to vacate an order for the examination of a party before trial.

Nicholas J. Weldgen, for motion.

O'Brien & Powell, opposed.

Rodenbeck, J. The technicalities which formerly surrounded the examination of a party before trial have been swept aside and such an examination may now be had upon a substantial compliance with the statute (Code Civ. Pro. §§ 870, 872) and rules (General Rules of Practice, r. 82). *Goldmark* v. *United States Electro-Galvanizing Co.,* 111 App. Div. 526; *Conover* v. *Palmer,* 123 id. 814.

These decisions are in accord with the views of the members of the bar who have examined and reported on the subject. Report of Board of Statutory Consolidation (1915), rr. 224, 225; Report of Committee of State Bar Association (1916), § 39; Report of Committee of New York County Lawyers' Association (1917), § 20.

The statute and the rule, however, require that facts and circumstances shall be given in the affidavits showing that the testimony is material and necessary and the requirement is substantial. Code Civ. Pro. § 872, subd. 4; General Rules of Practice, r. 82.

The granting of the order rests in the sound discretion of the court (*Jenkins* v. *Putnam,* 106 N. Y. 272), although the statute says that it must be granted (Code Civ. Pro. § 873), but the entire statute cannot be disregarded unless the court is prepared to say that the legislature had no power to restrict the authority of the court in this respect.

There are many provisions in the Code that are useless because they confer powers already possessed by the courts and which should be left to the courts for regulation or seek to control the courts in matters of detail over which the legislature has no legitimate authority.

The present statutory provisions relating to the examination of a party before trial have been supplemented by court rules and although the subject rests in the sound discretion of the court the requirement that the testimony shall be material and necessary cannot be disregarded without construing the Code provisions out of existence entirely.

The changed attitude that has come over the courts in the treatment of this subject shows that we are emancipating ourselves from that condition of practice when a lawsuit was considered as a game to be played according to certain fixed rules with the judges as umpires to see that the rules were observed and suitable penalties enforced for infractions thereof. The Code of Civil Procedure was built up in this atmosphere and it can be corrected only by razing it to the ground and putting up in its stead a new structure in accord with the ideals and spirit and demands of the present times.

We have long since ceased to try the record on appeal instead of the case and we are now beginning to place justice above the law as expressed in the technical rules of the Code. As Professor Wigmore says: " We shall, indeed, have to enlarge transcendentally our professional spirit and purpose — to rise beyond the essentially common-law demand of Shylock, ' I crave the law!' and to live in the atmosphere of that broader appeal to the magistrate, Duke Vincentio, ' Give me justice, justice, justice! ' No less than this will suffice. Particular remedies and specific amendments, necessary though they be, will not go deep enough." (5 Wigm. Ev. preface.)

The order should be amended so as to allow only an examination as to the relation of the parties.

Ordered accordingly.