NORMAN OIL CORPORATION, Plaintiff, *v.* MARCOS N. BENSABAT, Defendant.

Supreme Court, New York Special Term, April, 1922.

**Practice — examination of party and witnesses before trial — when first notice is invalid second may be issued — defendant who contended that first notice is invalid estopped from later claiming otherwise — Civil Practice Act, § 290.**

How far the Civil Practice Act may have changed the substantive rules upon which remedies are to be based is necessarily open to inquiry.

A complaint was served December 5, 1921. A notice for the examination of defendant and two witnesses on December fourteenth, under section 290 of the Civil Practice Act, was served December eighth, and a motion to vacate said notice made on December twelfth was heard January 4, 1922. The answer was served on January twenty-third and an application made on January twenty-sixth for leave to withdraw the first notice was argued on February first, at which time the justice who heard the motion to vacate the first notice stated that he had already decided it adversely to defendant. Prior thereto but on the same day the defendant had made a motion to vacate the second notice, which with a subpœna had been served January twenty-eighth. The order denying defendant's motion to vacate the first notice, with leave to plaintiff to withdraw said notice, was entered on February fourteenth. *Held,* that plaintiff

was at liberty to treat the first order as wholly ineffective and that defendant, so long as he had affirmatively made the same claim, was estopped from claiming otherwise; the second notice thereupon became proper, regular and effective, and the subpœna thereunder valid, and defendant's motion to vacate said notice will be denied.

MOTION to vacate a notice of examination before trial.

*Charles G. Carson (De Lancey Nicoll,* of counsel), for plaintiff.

*Hardin & Hess (Jerome S. Hess, Harold B. Elgar* and *Henry D. Bulkley,* of counsel), for defendant.

BIJUR, J. This is a motion to vacate a notice for the examination before trial of defendant and two witnesses under the Civil Practice Act, section 290. The first ground for the motion is that the notice is void or ineffective because a previous notice to the same effect had been issued and was still effective. The proceedings in the action have been as follows:

The complaint was served December 5, 1921; a notice for the examination of defendant and two witnesses for December fourteenth was served December eighth; a motion to vacate this notice was made December twelfth and heard January 4, 1922. The answer was served January twenty-third. An application to withdraw the first notice was made on January twenty-sixth and informally argued on February first, at which time the justice who had heard the motion to vacate it said that he had already decided it adversely to defendant. Prior thereto, but on the same day, to wit, February first, the defendant had moved to vacate the second notice, which, with a subpœna, had been served January twenty-eighth. The order denying defendant's motion to vacate the first notice was formally entered February fourteenth, and accorded plaintiff leave to withdraw his first notice. Defendant did not appear for examination pursuant to the second notice and subpœna.

Prior to the adoption of the Civil Practice Act the examination sought would have been obtained under sections 870–872 of the Code of Civil Procedure upon a judge's order (§ 873) served both upon the party to be examined (to whom the appropriate witness fees would have to be paid, section 874), and a copy upon the attorney of the party (§ 875). The proceedings to compel attendance or to punish disobedience were provided for in section 874 as upon failure to obey a subpœna.

Since the liberal interpretation placed upon the right of examination of parties before trial by the case of *Goldmark* v. *United States Electro-Galvanizing Co.,* 111 App. Div. 526, the remedy had been administered with reasonable satisfaction, although it was felt by many that the right to such an examination might well be

determined (as the right to a bill of particulars may be) upon the pleadings alone, and that consequently most of the details required by section 872 to be set forth in the affidavit and the further specifications demanded by former rule 82 of the General Rules of Practice were superfluous and imposed a wholly useless burden upon both applicant and court. So far as the tests of the necessity and materiality of the examination were concerned the *Goldmark* case, followed by *Schweinburg* v. *Altman*, 131 App. Div. 795, and *Alden* v. *O'Brien*, 138 id. 249, marked out the ruling lines of practice. The requirement of good faith in this, as in all matters, was emphasized in *Oakes* v. *Star Co.*, 119 App. Div. 358; *Lawson* v. *Hotchkiss*, 140 id. 297; *Wessel* v. *Schwarzler*, 144 id. 587. See, also, *Kornbluth* v. *Isaacs*, 149 App. Div. 108. The Civil Practice Act aimed at introducing a simplified form of practice. How far it may have changed the substantive rules upon which remedies are to be based is necessarily open to inquiry. In the subject-matter now under discussion it seems scarcely to have been designed to make any fundamental change, for under section 288 of the Civil Practice Act the testimony which a party may take by the " simplified practice " is still defined as that " which is material and necessary in the prosecution or defense of the action," thus repeating almost verbatim the requirement of subdivision 4 of section 872 of the Code of Civil Procedure as to the contents of the affidavit, namely, " that the testimony of such person is material and necessary for the party making such application." This view is confirmed by a paper read by Hon. J. Henry Walters, chairman of the joint legislative committee on the simplification of the civil practice, at the annual meeting of the New York State Bar Association, New York city, January 22, 1921 (reported in Parsons' Practice Manual at page XI), in which will be found the statement: " The Civil Practice Act *simplifies the procedure* for obtaining the testimony of a party or other person by deposition. * * * *The grounds* upon which a deposition may be obtained are the same as at present * * *." See also English Practice Act, order 31, rule 1, last clause, and proposed rule 225 (2) suggested by the board of statutory consolidation on the simplification of practice, volume 1, page 99.

The motive which prompted the adoption of the Civil Practice Act was undoubtedly the desire to liberalize practice as distinguished from substantive law, so far as that distinction be cognizable. The success of the experiment must depend necessarily more upon the spirit in which the provisions of the act are interpreted than upon the bare text of the several sections. The immediate question manifestly concerns only practice, which deals with methods of either formulating or clarifying issues and facilitating

their determination at the trial.   There seems, therefore, to be no reason, either within the language or spirit of the new act, for attempting to hedge about the method of obtaining the testimony of an adversary with any safeguards beyond such as are essential to prevent actual prejudice or oppression.   Nor am I concerned in the instant case with the results of defendant's failure to obey the subpœna served upon him under the second notice.   The manner of its enforcement and the extent of punishment, if any, to be inflicted for disobedience thereto may well be left to the judgment of the judge to whom that question may be submitted. If disobedience there be, the fact that it is merely technical, or perhaps based upon genuine belief in the insufficiency of the process, the willfulness of the disobedience and the general effect upon the adversary are all elements which may be taken into consideration in determining what punishment, if any, shall be inflicted or the terms upon which it may be remitted.

I come then to the bare question of the validity of the second process.   The first notice of examination was properly served upon defendant's attorney, but its effectiveness was impaired if not destroyed by failure to serve a subpœna upon the party to be examined.   Among defendant's objections to this notice, if indeed it was not the chief one, was the claim that the process was ineffective because premature in that it had been served before issue joined by answer.   From this point of view I am inclined to believe that plaintiff had the right, even if the old practice of obtaining an order for examination had been followed, to obtain a second order without leave of the court, by analogy to the rule that a motion may be renewed without leave where the situation has been changed by subsequently occurring facts — in this case the service of the answer.   Cardozo, J., in *Belmont* v. *Erie Railway Co.*, 52 Barb. 637, 651; *Goldenberg* v. *Adler*, 123 N. Y. Supp. 387, 389.

A further analogy in support of the right to serve the second notice may be found in decisions regarding attachments:  " We see no reason why a plaintiff, after having obtained one warrant of attachment and order of publication, may not abandon them and take out a new attachment and order, provided this course is not pursued for the mere purpose of vexation, in which case he would be liable for the damages unnecessarily occasioned."   *Mojarrieta* v. *Saenz*, 80 N. Y. 547, 550; *Ladenburg* v. *Commercial Bank*, 5 App. Div. 219.   Moreover, upon a principle akin to estoppel, it did not lie in the mouth of the defendant — who, at the time the second notice was served, was claiming that the prior notice was ineffective *because of the absence of an answer* — to assert in the

same breath that the first notice precluded a second notice served *after answer interposed.* See *Sturm* v. *Boker,* 150 U. S. 312; *Davis* v. *Wakelee,* 156 id. 680. Somewhat the same, if not exactly that rule was applied in *Gawthrop* v. *Leary,* 9 N. Y. Wkly. Dig. 176, where the General Term of the Common Pleas held that a first order for examination was inoperative because the witness' fees had not been paid and that "In taking advantage of this irregularity, which made the order wholly ineffective, defendant cannot be allowed to plead it as a valid outstanding and operative order as against a new proceeding under § 872." Indeed, not only was plaintiff's service of the second notice an implied acquiescence in the validity of defendant's objection (regardless of its ultimate merit) but that implication was confirmed by the plaintiff's express offer to withdraw the first notice. That offer was under the circumstances in itself a sufficient warrant for the second notice, even though leave to withdraw was, for reasons not material to this discussion, refused by the learned judge who had the matter under advisement. Nor are any of these considerations affected by the fact that defendant's motion to vacate the first notice was denied on February first, *several days after the second notice had been served* on January twenty-eighth.

In my opinion, therefore, plaintiff was at liberty to treat the first order as wholly ineffective, and defendant was in substance estopped from contesting that position so long as he had himself affirmatively made the same claim. The second notice thereupon became proper, regular and effective and the subpoena thereunder valid.

In passing it may be said that I am not even suggesting that notices for the examination of parties may be served without number and in endless succession. Where such a situation is presented the court has ample power to prevent either abuse of its process or useless and vexatious annoyance of any party to a litigation.

The remaining objections to the notice, which refer to the subject-matter of the examination, I find not to be well founded. Moreover, I think that they were in part disposed of by the decision of the court on the previous motion.

Motion denied.