DAVID M. DAVIDSON and Another, Plaintiffs, *v.* WILLIAM DORFMAN and Another, Defendants.

Supreme Court, Bronx County, March 24, 1926.

Depositions — examination before trial — action for wrongful discharge — defendants allege fraudulent representations by plaintiffs as to their ability and qualifications — defendants entitled to examine plaintiffs before trial as to qualifications, cancellation of contract and as to whether plaintiffs devoted full time to defendants' business — defendants may not examine plaintiffs as to matters plaintiffs must prove on trial.

In an action for wrongful discharge, predicated upon a contract under which plaintiffs were employed as salesmen by defendants for one year, at an agreed compensation, defendants may examine plaintiffs before trial as to matters concerning their competency, the amount of sales made by them, termination of the contract, the alleged agreement to cancel said contract, and as to whether plaintiffs devoted their entire time, energy and intelligence to defendants' business, since the affirmative defenses set forth in defendants' answer indicate that defendants have the burden of establishing the issues as to such matters raised by plaintiffs' reply. The defendants should be given an opportunity to prepare their defense.

However, defendants are not entitled to examine plaintiffs as to what compensation they received, if any, during the alleged unexpired period of the contract and what efforts they made during such period to obtain employment, all of which plaintiffs must prove on the trial.

MOTION by plaintiffs to vacate the defendants' notice for examination before trial.

*Otto A. Samuels,* for the plaintiffs.

*I. Gainsburg,* for the defendants.

GIBBS, J. The action was brought to recover for an alleged wrongful discharge of the plaintiffs by the defendants. Examination of the papers submitted on this motion discloses that plaintiffs and defendants entered into a contract wherein it was

agreed that the plaintiffs were to be employed as salesmen in the territory specified in said contract for a term of one year commencing January 1, 1924, and ending December 31, 1924, at an agreed compensation; that the plaintiffs entered into the employ of defendants and continued therein until the 1st day of March, 1924, when without just cause they were discharged. Defendants admit the making of the contract of employment but deny the wrongful discharge and set up a counterclaim alleging fraudulent representations on the part of the plaintiffs as to their ability and qualifications. They also interpose three other separate defenses, the *first* alleging a consideration for the discharge of defendants' liability on the contract; *second,* mutual agreement to rescind and cancel the contract; *third,* a breach on the part of plaintiffs to perform the covenants of the said contract of employment. Plaintiffs' reply is a general denial.

Defendants seek an examination of the plaintiffs relative to: (1) The plaintiffs' misrepresentations as to their competency, ability and skill and the amount of business they had actually secured in the territory specified in the agreement of employment; (2) the plaintiffs' warranty to sell merchandise of the defendants in an amount of at least $400,000 during the year 1924; (3) the agreement between plaintiffs and defendants entered into in the month of February, 1924, to the effect that the contract of employment be terminated and defendants discharged from liability thereunder on March 1, 1924, in view of plaintiffs' misrepresentations; (4) the agreement entered into in the month of February, 1924, to the effect that the contract of employment should be canceled and rescinded on March 1, 1924; (5) that the plaintiffs did not devote their entire time, energy and intelligence to defendants' business, and perform the obligations on their part as specified in the agreement; (6) that the plaintiffs were employed between March 1, 1924, and December 31, 1924, and the amount of compensation received during such period; (7) the efforts plaintiffs made during such period to secure employment.

The affirmative defenses set forth in the defendants' answer indicate that the burden of establishing the issues raised by the reply thereto is on the defendants. This being so, the defendants should be given an opportunity to prepare their defense. It is urged that the defendants have knowledge of the information they seek in the foregoing enumerated paragraphs. This argument is without force. The law does not require that a party seeking the examination should be without all knowledge of the facts concerning which he desires to examine the adverse party. (*Goldmark* v. *United States Electro-Galvanizing Company,* 111 App. Div.

526.)   The examination in my opinion is sought in good faith to aid the defendants in the preparation of their case.

I conclude accordingly that defendants are entitled to examine the plaintiffs concerning the matters stated in paragraphs numbered 1, 2, 3, 4 and 5 of the notice of examination before trial.   As to paragraphs 6 and 7, I am of the opinion that the burden is upon the plaintiffs to prove what compensation they received, if any, during the alleged unexpired period of the contract and what efforts they made during such period to obtain employment. Defendants are not entitled to examine plaintiffs as to these items. The motion to vacate and set aside the notice of examination of the plaintiffs by the defendants is granted as to items 6 and 7. In all other respects motion denied.   Settle order on notice.