## MOORE v. REINHARDT.

(Supreme Court, Appellate Division, First Department. June 11, 1909.)

1. ACCOUNT (§ 19*) — RIGHT OF ACTION — NECESSITY OF DISPROVING ACCOUNT SERVED.

In an action for an accounting, an account served upon plaintiff by defendant after the beginning of the action is not binding upon plaintiff, and he need not disprove it in order to be entitled to an interlocutory judgment for an accounting.

[Ed. Note.—For other cases, see Account, Dec. Dig. § 19.*]

2. DISCOVERY (§ 86*)—DOCUMENTS—NECESSITY OF EVIDENCE.

In an action for an accounting under a contract by which defendant was to sell stock and account to plaintiff therefor at intervals, where, after the action was begun, defendant served upon plaintiff an account, plaintiff was not entitled to a discovery and inspection of defendant's books and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

papers under General Rules of Practice, rule 14, authorizing discovery of documents necessary to enable plaintiff to frame his complaint, or subdivision 3, providing for discovery and inspection necessary to prepare for trial, on the ground that he could not ascertain whether the account served by defendant was correct without them, as the books and papers were not necessary upon the trial to determine plaintiff's right to an accounting before the entry of an interlocutory judgment therein for an accounting.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 110–112; Dec. Dig. § 86.*]

Clarke, J., dissenting.

Appeal from Special Term, New York County.

Action by Phil H. Moore against J. Thomas Reinhardt. From an order denying a motion for a discovery and inspection of defendant's papers, etc., plaintiff appeals. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Walter B. Raymond, for appellant.
Romeyn Berry, for respondent.

INGRAHAM, J. The complaint in this action alleges the making of two separate agreements by which the defendant agreed to accept an option to purchase the capital stock of a gold mining company, to market the stock, and to divide the profits derived thus equally with the plaintiff. The agreement provided that the defendant should, "every three months, furnish the party of the second part a summary statement showing the amount of gross profits on the sale of the said stock, the amount of expenses, the amount of commissions, the amount paid on account of advances or loans and interest, and the amount of net profits then appearing," and there was to be a final accounting on October 28, 1909. The complaint alleges that the parties proceeded under this agreement; that the defendant had neglected, refused, and failed to furnish the plaintiff every three months, or any other time. a summary statement required by the contracts; that the defendant had not acted under said contracts in good faith, but had acted solely for his own interest and profit, and in disregard of the interest and rights of the plaintiff, had made bogus or nominal sales of stock, and has refused to account to the plaintiff for his transactions under said contract; and, for a second cause of action, alleged that the defendant promised and agreed with the plaintiff to exercise certain options for the purchase of this stock on or before the 28th day of August, 1908, but had neglected, refused, and failed to exercise said options, to the great loss and damage of the plaintiff. The complaint demands judgment that the defendant be restrained from making bogus or nominal sales of the stock and from acting further under said contract between the parties, that the contracts be dissolved and an account taken of all the dealings and transactions of the defendant from the commencement of the action, and that the plaintiff have judgment for $250,000.

It is not alleged in the complaint that the plaintiff has sustained damage in the amount of $250,000, or any other sum. The answer

admitted the making of the contract, and set up several defenses and counterclaims, to which the plaintiff replied. After the commencement of the action the defendant served upon the plaintiff what he alleged to be an account of his transactions under the contract. The defendant then made a motion to refer the issue to hear and determine, which motion was denied, whereupon the plaintiff made an application for a discovery of the defendant's books and papers, alleging as a reason therefor that he had no means of ascertaining whether or not the account furnished by the defendant was correct, and whether or not all the items included in said account were incurred in connection with the defendant's operations and transactions under his contract with the plaintiff, except by a discovery and inspection of the books, papers, and vouchers of the defendant. This motion was denied, and from the order entered denying the motion the plaintiff appeals.

The main object of this action is for an accounting. If such an accounting is ordered, the defendant will be compelled to file his account of the transactions as between the parties under the contract, and the court, by an interlocutory judgment, will make the proper directions in relation to such an accounting, in which a referee can be appointed to take and state the accounts. The account sent to the plaintiff after the commencement of the action is not binding upon the plaintiff, and the plaintiff is not required to disprove or falsify that account, to be entitled to an interlocutory judgment for an accounting. If, by the interlocutory judgment, an accounting is ordered and a referee appointed to take and state the accounts between the parties, the referee will have control of the proceedings and can require the defendant to produce the books, papers, and vouchers of which a discovery is sought to enable the plaintiff to file objections to the account as furnished by the defendant, or for use on the accounting. It is quite apparent that the books and papers of which a discovery is sought are not material upon the decision of the application for an interlocutory judgment, and the plaintiff does not ask for a discovery for that purpose; nor would the same be competent evidence upon the trial of the action at Special Term until an accounting is ordered. The books and papers, a discovery of which are sought, are not the books and papers of any copartnership existing between the plaintiff and the defendant, but the books and papers of the defendant's business, in which the defendants have entered certain transactions which will be involved in the accounting when one is ordered; but such books and papers can only become material after an accounting is ordered. When the defendant has filed his account, it will be necessary for him to prove the items which are objected to by the plaintiff. So far as these books and papers are necessary for use upon that accounting, their production before the referee can be compelled; but nothing appears upon this application to bring the case within rule 14 of the general rules of practice, as showing that this discovery is material and necessary for the plaintiff, either upon the trial of the action at Special Term, or that they would be competent evidence upon that trial, or that an inspection is necessary to enable the plaintiff to prepare for that trial. Subdivision 3, rule 14, General Rules of Practice.

In an action for an accounting, the proper practice is to bring the case on for trial at Special Term, when the plaintiff, on establishing his right to an accounting, is entitled to an interlocutory judgment directing that the accounts between the parties be investigated and settled; and after such an interlocutory judgment is entered, and the plaintiff's right to an accounting established, the evidence necessary upon the accounting then becomes material, but until that right is established by the Special Term it is quite evident that the evidence in relation to the account is not material evidence in the action, and the court is not justified in compelling a discovery of such evidence until such interlocutory judgment is entered. This rule, of course, applies only to an action in equity for an accounting.

The order appealed from is therefore affirmed, with $10 costs and disbursements.

McLAUGHLIN, HOUGHTON, and SCOTT, JJ., concur. CLARKE, J., dissents.