ground that the People of the State of New York cannot be sued without their consent. Kelly, P. J., Jaycox, Manning, Young and Lazansky, JJ., concur.

FLATBUSH WATER WORKS COMPANY, Respondent, v. THE PEOPLE OF THE STATE OF NEW YORK, THE CITY OF NEW YORK, NICHOLAS J. HAYES, as Commissioner, etc., Appellants. CHARLES H. DARMSTADT, INC., Defendant.— Order granting injunction *pendente lite* affirmed as to the city of New York, with ten dollars costs and disbursements, and reversed on the law as to the People of the State of New York, with ten dollars costs and disbursements, and motion as to them denied, with ten dollars costs, on the ground that the People of the State of New York cannot be sued without their consent. Kelly, P. J., Jaycox, Manning, Young and Lazansky, JJ., concur.

RALPH FREDERICKS, an Infant, by GEORGE FREDERICKS, His Guardian ad Litem, Respondent, v. EDWARD I. STEIN, Appellant.— Order setting aside verdict in favor of defendant unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ.

GEORGE FREDERICKS, Respondent, v. EDWARD I. STEIN, Appellant.— Order setting aside verdict in favor of defendant unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ.

HARDING PARK HOMES CO., INC., Respondent, v. SALADINO BUILDING CO., INC., and Others, Defendants. EAGLE INDEMNITY COMPANY, Appellant.— Order denying motion to modify judgment of foreclosure and sale, and to permit defendant Eagle Indemnity Company to interpose a defense, reversed upon the law and the facts, with ten dollars costs and disbursements, and the judgment for deficiency entered against said defendant vacated and canceled, with ten dollars costs. The court was without jurisdiction to grant judgment for deficiency in this case. Kelly, P. J., Jaycox, Manning, Young and Lazansky, JJ., concur.

LENA HOLLAND, Respondent, v. SIMON HOLLAND and Others, as Executors and Trustees, etc., of SAM HOLLAND, Deceased, Appellants.— Order denying motion to vacate examination of defendants before trial as to the matters contained in 1, 3 and 4 of the notice of examination before trial, modified so as to provide that the examination as to moneys derived from rents, issues and profits of the premises described in the complaint, specified in item 3 of the notice, be limited to rents, issues and profits received during plaintiff's ownership of the premises, and which she alleges were applied to the payment of the mortgage upon the property; and as so modified the order appealed from is affirmed, without costs. We think plaintiff's right to a general accounting of rents and profits received must first be established under the allegation in her complaint, before she is entitled to examine defendants beyond the period above limited. (*Moore* v. *Reinhardt*, 132 App. Div. 707; *Del Genovese* v. *Del Genovese*, 149 id. 266.) Order denying motion to resettle affirmed, without costs. Kelly, P. J., Jaycox, Manning, Young and Lazansky, JJ., concur. Settle order on notice.

LENA HOLLAND, Respondent, v. HOLLAND BROTHERS REALTY CORPORATION and Others, Appellants.— Order denying motion to limit examination of defendants before trial modified by striking out the provision for examination under item 7, as to failure and refusal to declare dividends on the capital stock of the corporation; and as so modified the order is affirmed, without costs. No cause of action for failure or refusal to declare or pay dividends is alleged in the complaint. Kelly, P. J., Jaycox, Manning, Young and Lazansky, JJ., concur.