(95 App. Div. 542.)

### In re THOMPSON.

(Supreme Court, Appellate Division, First Department. June 29, 1904.)

1. DISCOVERY—MODE OF PROCURING—DEPOSITIONS—ORDER OF PRODUCTION—PURPOSE.

Under Code Civ. Proc. § 872, subd. 7, providing for the taking of a deposition where the party sought to be examined is a corporation, and requiring the affidavit to state the name of any of the officers or directors whose testimony is necessary and material, or the books and papers as to the contents of which an examination or inspection is desired, the books and papers are to be used merely as an incident to, and in connection with, the oral testimony of the witness who is to testify therefrom, and their production is not for the purpose of allowing an inspection and examination of them by the adverse party, to secure which it is necessary to proceed under Code Civ. Proc. §§ 803–809, relative to discovery.

2. DEPOSITIONS—APPLICATION—MATERIALITY OF TESTIMONY—SUFFICIENCY OF SHOWING.

   To entitle an applicant to the examination of the president of a corporation under Code Civ. Proc. § 872, subd. 7, providing that, where the party sought to be examined is a corporation, the affidavit shall state the name of the officers or directors whose testimony is "necessary and material," it should be shown that the examination of such president is necessary and material; and this is not done where it appears that the president was not connected with the corporation, and hence could have had no personal knowledge of the transactions involved, at the time of their occurrence.

Appeal from Special Term, New York County.

In the matter of the application of James A. Thompson, as ancillary executor, etc., of William Thompson, deceased, for an order of examination of the New York Pie Baking Company. From an order refusing to vacate the order for an examination, the pie baking company appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

John B. Coleman, for appellant.

Vincent P. Donihee, for respondent.

O'BRIEN, J. The real object of the examination is to obtain an inspection of the books of the company, although, in form, the application is to examine its president. We say "in form," because the examination of the president is a mere incident to what is really sought, namely, an inspection of the books. This is reversing the order of things, and such practice is not sanctioned by any of the provisions of the Code of Civil Procedure. Section 872, subd. 7, which relates to the examination and inspection of books of a corporation, is authority only for their production in connection with the examination of a witness who is able to testify from them. A proceeding for the discovery of papers under sections 803–809 is entirely distinct. Where it is shown that an examination of a witness is "material and necessary," and that, in order that he may supplement his knowledge, books are essential, it is competent to require him, on the examination, to have the books, for the purpose of furnishing such data or information as he may not be able personally to supply. The books are thus used merely as an incident to, and in connection with, the oral examination of the witness, who can testify from them, and their production under such circumstances is not for the purpose of allowing an inspection and examination of them by the adverse party. In Press Publishing Co. v. Star Co., 33 App. Div. 243, 53 N. Y. Supp. 371, it was said:

"Its object is that if a reference to the books becomes necessary during the examination, either to corroborate or contradict a witness, or to make the proof preliminary to the introduction of the books in evidence upon the trial, such proof may be made, and the books may be referred to for that purpose."

Similarly, in Mauthey v. Wyoming Co. Fire Ins. Co., 76 App. Div. 581, 78 N. Y. Supp. 596, it was said:

"When the party sought to be examined is a corporation, its books and papers may be directed to be produced, as subsidiary to the oral examination. This does not, however, permit an inspection or examination of the books and papers

of the defendant, as is permissible under the other procedure referred to.
* * * The primary purpose of the examination is the oral examination.
In order, however, that it may not be rendered fruitless, * * * the books
* * * are required to be produced as an adjunct of the oral examination."

To entitle the applicant to the examination of the company's president, therefore, he should make it appear that the examination of the person sought to be examined is material and necessary. Leary v. Rice, 15 App. Div. 397, 44 N. Y. Supp. 82. It does not so appear, but, on the contrary, it is shown that the person sought to be examined was not, at the time when the transactions involved in the suit are alleged to have occurred, connected with the company; and he could not, therefore, have any personal knowledge of such transactions. The question thus resolves itself into whether a plaintiff who states that he intends to begin an action, and serve a summons, can, by moving for the examination of a defendant's president, who knows nothing of the facts involved, under the guise of such an examination, obtain an inspection of the defendant's books. As pointed out, sections 870–873 of the Code of Civil Procedure provide for the examination of a party "whose testimony is material and necessary," and for compelling him to bring the books which may be required in connection with his oral examination to make it complete; and, if what is sought is only an inspection of the books, the applicant should move, and bring himself within sections 803–809 of the Code. The applicant therefore proceeded under the wrong section of the Code of Civil Procedure, and the motion to vacate the order for the examination should have been granted.

The order appealed from is accordingly reversed, with $10 costs and disbursements, and the motion to vacate the order for the examination of the company's president granted, with $10 costs. All concur.