(99 App. Div. 431)

### LOUDA v. REVILLON et al.

(Supreme Court, Appellate Division, First Department.   December 23, 1904.)

1. EXAMINATION OF ADVERSE PARTY BEFORE TRIAL—ACCOUNTING—ACTION AT LAW.

A complaint praying that defendant be compelled to account to plaintiff for the money due plaintiff under a contract of employment, and asking for a judgment for the amount found to be due, without alleging that plaintiff has sustained damages by the breach of the contract, or without averring that the profits of the business were an amount named, and that under the contract he was entitled to recover a specified per cent. thereof, does not state a cause of action at law, but in equity for an accounting, and plaintiff is therefore not entitled to examine defendant before trial to ascertain the condition of the account.

Appeal from Special Term.

Action by Francis Louda against Theodore Revillon and others. From an order vacating an order for the examination of one of the defendants, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Jacob Marks, for appellant.

Emanuel Blumenstiel, for respondents.

INGRAHAM, J. This action cannot be sustained as an action at law for the recovery of a sum of money alleged to be due to the plaintiff by reason of his employment by the defendants. There is no allegation that plaintiff sustained damages by the breach of the contract, nor that under plaintiff's agreement with the defendants the plaintiff was entitled to recover a sum of money for which the action is brought. The relief asked is that the defendants be compelled to account to the plaintiff for the money due the plaintiff under the contract hereinbefore mentioned, and that the judgment for the amount found to be due the plaintiff on such an accounting be entered in favor of the plaintiff. Admitting all of the allegations of the complaint, it would be impossible to enter judgment for a sum of money against the defendant until after the accounting which the plaintiff demands. The cause of action being in equity for an accounting, it was quite unnecessary to examine one of the defendants before trial to ascertain the condition of the account. If, upon the trial, the plaintiff would be entitled to an accounting, the court at Special Term could direct an interlocutory judgment requiring the defendant to account, when the accounting could be had. It is unnecessary upon this motion to determine whether or not the action for an accounting could be maintained. If the complaint had alleged that the profits of the business were an amount named, and that under his contract he was entitled to recover 15 per cent. of that amount, and had asked judgment therefor, the action would then be at law for the recovery of the amount stated; but as there is no allegation in the complaint from which it would follow that a sum of money is due the plaintiff, there is no basis for a recovery of more than nominal damages in an action at law.

The court was therefore right in vacating the order for the examination of the defendant, and the order must be affirmed, with $10 costs and disbursements. All concur; VAN BRUNT, P. J., in result.