(116 App. Div. 854)

SHONTS v. THOMAS et al.

(Supreme Court, Appellate Division, Second Department. January 25, 1907.)

DISCOVERY—EXAMINATION BEFORE TRIAL—STATUTORY PROVISIONS.

Under Code Civ. Proc. § 870, authorizing the taking of the deposition of a party before trial; section 872, prescribing the requisites of an application to take such depositions; and section 873, providing that on a proper application an order for the examination must be granted—a party making a proper application is entitled to the examination of the adverse party having knowledge of facts material to the issue, for use on the trial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, § 51.]

Appeal from Special Term, Kings County.

Action by Theodore P. Shonts against Edward R. Thomas and another. From an order denying a motion to vacate an order to take the deposition of defendants before trial, they appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

Richard A. Irving, for appellants.
Herbert W. Fisher, for respondent.

GAYNOR, J. By sections 870, et seq., of the Code of Civil Procedure a party to an action is given the right to take the deposition of

an adverse party before or during the trial. Section 872 prescribes what the affidavit on which an order for such an examination is asked for must contain. Subdivision 4 thereof requires that the affidavit "set forth" that the testimony of the person to be examined "is material. and necessary for the party making such application or the prosecution, and if the action is to recover damages for personal injuries, that the defendant is ignorant of the nature and extent of such personal injuries.". This is supplemented by rule 82 of the General Rules of Practice, which requires that the affidavit "specify the facts and circumstances" which show, the examination to be "material and necessary."

When the affidavit fulfills these requirements, as it does in this case. the party is entitled to have the examination; the order for it "must" be granted (section 873). The courts have no power or right to set up other requirements. The code provisions are plain. They were designed for a useful and sometimes necessary purpose which should not be frustrated but served. The administration of justice is best served by revelation of the truth, not by concealment and surprise. A lawsuit is not a game for sharp advantages. Only good can come from bringing out the facts. It is not these provisions that are complex, but varying and contrary judicial opinions which have construed them and assumed to curtail them. These decisions are no longer precedents. We have come back to the simple proposition that a party to an action is entitled to and should have this examination of another party thereto who has knowledge of facts material to the issue, for use on the trial. Goldmark v. U. S. Electric Co., 111 App. Div. 526, 97 N. Y. Supp. 1078; McKeand v. Locke, 115 App. Div. 174, 100 N. Y. Supp. 704.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements, and stay vacated. All concur.