RYAN v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Third Department. January 8, 1908.)

DISCOVERY—PROCEDURE.

Code Civ. Proc. § 872, subd. 7, provides for the taking of depositions of officers of a corporation where it is a party, and for the production and inspection of its books, etc. Subdivision 4 requires the affidavit for the order for examination to state that, and rule 82 requires it to specify facts showing that, the examination is material and necessary. Sections 803–809 provide for the production and discovery of books, etc. *Held*, that section 872 does not take the place of sections 803–809, but that the production of books, etc., under section 872 is only an incident to the examination of witnesses, and hence in an action against a corporation plaintiff is not entitled to an order requiring its secretary to appear for examination and to produce books, etc., where it appears that the examination is only desired to obtain the benefit of an inspection of the books, etc.

Appeal from Special Term, Columbia County.

Action by Thomas Ryan against the New York Central & Harlem River Railroad Company. From an order denying its application to vacate an order for examination before trial, etc., defendant appeals. Reversed, and motion to vacate granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Robert Wilkinson, for appellant.
George K. Daley, for respondent.

JOHN M. KELLOGG, J. The order requires the defendant's secretary to appear before the referee for examination, and that at the same time "the defendant corporation produce all books and papers which relate to or have any mention of the carelessness of C. Birch as engineer in the employ of the defendant corporation in October, 1891, and the summer of 1898, and of any and all other acts of negligence and carelessness of the aforesaid C. Birch previous to and including the 3d day of August, 1903," and is based upon allegations that one Birch, an engineer of the defendant, negligently ran its train into another of defendant's trains upon which the plaintiff was an employé, and injured him, and that Birch was a careless and incompetent man, to the knowledge of the defendant; that plaintiff, while an employé of the defendant, obtained information that said Birch "while in the employ of the aforesaid railroad company ran by signals set for danger as engineer contrary to the rules of the aforesaid railroad at Yonkers, N. Y., on or about August, 1891, and a wreck resulted, and that in the summer of 1898, but the exact date your deponent does not know, the said Birch, while in the employ of said railroad company, ran a Harlem train past signals set for danger, contrary to the rules of the aforesaid company, upon the New Haven Railroad, and these acts of carelessness, negligence, and incompetency must have come to the knowledge of said railroad company defendant, as well as other acts of carelessness while in defendant's employ, and this testimony is either within their knowledge or the evidence of same is contained in books and papers of this defendant company. For the purpose of obtaining

the aforesaid evidence, and to show that the defendant company had knowledge of the incompetency of the aforesaid C. Birch, the testimony of the defendant company, through its secretary, Dwight W. Pardee, is necessary and material as the principal point in the plaintiff's case is to show the incompetency of the said Birch, and that the knowledge of such incompetency was known to the defendant company at the time of the accident complained of in plaintiff's complaint; that this evidence cannot be obtained in any other way, as this plaintiff has made diligent effort to ascertain the whereabouts of the aforesaid C. Birch, and is informed and believes that he is not a resident of this state, and he has no means of ascertaining his present residence; and that his residence is unknown." The affidavit also states that plaintiff cannot procure the aforesaid evidence, unless the same be disclosed by an examination of the defendant as prayed for.

Plaintiff made a prior application to the court under sections 803 to 809 of the Code of Civil Procedure, seeking a discovery of the same books and papers, which motion was denied with leave to renew upon further affidavits. Thereafter, upon affidavits substantially like those used here, he made another application for such discovery, which was refused without leave to renew. It does not appear that the secretary of the New York Central Railroad has any personal knowledge of the matters referred to, and his examination is only desired to obtain the benefit under subdivision 7 of section 872 of an inspection of the books and papers of the company which has by a previous order of the court been denied. The production and inspection of the books under subdivision 7 of section 872 is not intended to take the place of the discovery and inspection under 803 to 809, but is to obviate the necessity of a subpoena duces tecum, and the production of the books may be ordered so far as necessary for the examination of the witness produced. The production of the books is incident to the examination, and, if no ground is shown for the examination of the witness, then the production of books is unnecessary. Two distinct remedies are provided: One is for the inspection of books and papers; the other is for the examination of a necessary and material witness, and to compel him to produce such books as may be necessary and proper to give force to or explain his testimony. Matter of Thompson, 95 App. Div. 542, 89 N. Y. Supp. 4. Plaintiff's attorney, in his affidavit, practically recognizes this situation by suggesting that the books and papers may be necessary to refresh the witness' recollection, and that the witness may need them to aid him in his oral examination. He does not, however, suggest any fact proposed to be established by the oral examination of the witness.

We may assume that a liberal rule has been established relating to the examination of a party before trial by his adversary. Goldmark v. U. S. Electro-Galvanizing Co., 111 App. Div. 526, 97 N. Y. Supp. 1078; McKeand v. Locke, 115 App. Div. 174, 100 N. Y. Supp. 704; Mead v. Southern Tier Masonic Relief Association, 119 App. Div. 761, 104 N. Y. Supp. 523. But this order goes beyond any limit heretofore suggested. Subdivision 4 of section 872 of the Code of Civil Procedure requires that the affidavit shall set forth that the testimony of such person is material and necessary for the party making

such application, or the prosecution or defense of such action. And rule 82 requires that the affidavit shall specify the facts and circumstances which show that the examination of the person is material and necessary. The affidavit here does not allege that the examination of the officer or the books will disclose any fact material to the issue. It states two prior accidents followed by the conclusion that the books of the company should show the particulars of them and the incompetence and carelessness of Birch. The examination is not to establish a fact within the defendant's knowledge, but is a fishing excursion to see whether the defendant's books may possibly disclose certain information, without any facts which make it probable that such information will be disclosed.

The accident for which recovery is sought occurred August, 1903, and it is sought here to compel the secretary of the New York Central Railroad to produce books and papers relating to any and all accidents which may have occurred on said railroad in which said Birch may be claimed to have been connected in any way during the time of his employment up to that date. There is no suggestion as to what books are required, or that the particular books or papers are within the custody or control of the person sought to be examined. The proposed examination would be oppressive and unreasonable, and is evidently not for the purpose of obtaining evidence for use upon the trial.

The order should therefore be reversed, with $10 costs, and the motion to vacate the original order granted, with $10 costs. All concur, except COCHRAN, J., not voting.