KOPLIN v. HOE et al.

(Supreme Court, Appellate Division, Second Department.   January 24, 1908.)

1. DISCOVERY—EXAMINATION BEFORE TRIAL—ADVERSE PARTY—ACTION FOR NEGLIGENCE.

In the absence of bad faith or abuse of process, on complying with the requirements of Code Civ. Proc. § 870 et seq., and general rule of practice 82, requiring a showing that the testimony is material and necessary, a party is entitled to examine his adversary before trial as to facts material to the issue and of which he has knowledge, and there is no distinction in the case of negligence actions. Hence, in an action for negligence, where the affidavits for an order to examine plaintiff state that defendants are ignorant of the manner in which plaintiff was injured, and the other requirements have been complied with, defendants are entitled to examine plaintiff as of right as to the manner in which the injury was received, notwithstanding a party may not examine his adversary before trial merely to find out what he will swear to.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, § 53.]

2. SAME—STATUTORY PROVISIONS—CONSTRUCTION—"MATERIAL" AND "NECESSARY."

In Code Civ. Proc. § 870 et seq., and general rule of practice 82, requiring, for the examination of an adverse party before trial, a showing by affidavit that the testimony is material and necessary, the words "material" and "necessary" are not used synonymously, even if the word "necessary" does not mean indispensable to the making of an issue.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, §§ 69, 70.

For other definitions, see Words and Phrases, vol. 5, pp. 4404, 4705–4710; vol. 8, p. 7729.]

Appeal from Special Term, Queens County.

Action by Martin Koplin against Robert Hoe and others. From an order modifying an order for the examination of plaintiff before trial, defendants appeal. Reversed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Edward G. Pringle, for appellants.
Edmund C. Viemeister, for respondent.

MILLER, J. This is an action for personal injuries resulting from negligence. The appeal is from an order modifying an order for the examination of the plaintiff before trial by striking out therefrom the provision for an examination concerning the manner in which the plaintiff's injuries were sustained. Plaintiff claims to have been injured by the fall of a printing press suspended in the air from a crane under which he was placing a block of wood. In the affidavits upon which the order for examination was granted it is stated that the defendants are ignorant of the manner in which the plaintiff's injuries were sustained, and that it is their intention to use the deposition prayed for upon the trial. On the motion resulting in the order appealed from the plaintiff sought to controvert the statement respecting the defendant's ignorance of the manner in which the accident occurred, by showing that the defendant's foreman, one Mundhenk, and two other employés of the defendant,

Tuttle and Walnicz, were present. In rebuttal, the defendants met this by affidavits of said Mundhenk and Tuttle to the effect that they did not witness the accident and were ignorant of the manner in which it occurred, and by an affidavit that said Walnicz was not and never had been in the employ of the defendants.

. It is now settled in this department that, in the absence of bad faith or abuse of process, a party is entitled to examine his adversary before trial as to facts material to the issue and of which the adversary has knowledge, upon complying with the requirements of section 870 et seq. of the Code of Civil Procedure and rule 82 of the general rules of practice. Shonts v. Thomas, 116 App. Div. 854, 102 N. Y. Supp. 324; Donaldson v. Brooklyn Heights Railroad Co., 119 App. Div. 513, 104 N. Y. Supp. 178. The respondent asserts that in a negligence action the defendant cannot in good faith say that it intends to use the deposition of its adversary upon the trial, and cites Wood v. Flagg (Sup.) 106 N. Y. Supp. 308. All we understand the court to have held in that case is that the affidavits failed to show that the defendant asked for the examination in good faith. The Code of Civil Procedure (section 870 et seq.) does not distinguish a negligence action from any other, and, while the character of the action and all the circumstances disclosed may have a bearing upon the good faith of the application, we are unable to perceive why the same general rule does not apply to all actions. In addition to the other requirements prescribed by the Code and general rule 82, the applicant must show that the testimony "is material and necessary for the party making such application or the prosecution or defense of such action." There can be no question that the plaintiff's testimony is material. Its necessity is shown by the proof that the defendants are ignorant of the manner in which the accident occurred and have been unable to procure any witness thereof. Upon this proof, the other requirements having been complied with, the defendants were entitled to examine the plaintiff as of right.

We do not say that the testimony of a party may not be necessary for the adverse party, even though the latter may be able to call other witnesses (see McKeand v. Locke, 115 App. Div. 174, 100 N. Y. Supp. 704); nor do we say that the word "necessary," as used in the statute and the court rule, means indispensable, in the sense that without the testimony the adverse party may be unable to make an issue. Testimony may not be necessary to prove the fact in issue, and yet necessary to prove some fact relative thereto. Moreover, testimony does not always amount to proof; and a party is entitled to prove every fact which he can relative to the fact at issue. But we do not think that the words "material" and "necessary" are used synonymously. The purpose of the statute is to enable the deposition to be taken for use upon the trial. A party may not examine his adversary before trial merely to find out what he will swear to. Ordinarily a party will not call his adversary upon the trial to give testimony upon a sharply contested issue of fact, except possibly upon some fact not seriously disputed relevant thereto; and unless he would call him upon the trial he can rarely say in good faith that he intends to use upon the trial

a deposition taken before trial. On the other hand, the exigencies of a case frequently require a party to call his adversary. In such case he is permitted to cross-examine the witness, and, although disappointed in the testimony given, may yet be able to elicit some fact warranting an inference which, with the other testimony he has, may enable him to make out his case or defense. Although ignorant of what his adversary will swear to, as usually must be the case, he may still desire to take his deposition for use upon the trial. If so, pursuant to the Code (section 870 et seq.) and rule 82 of the general rules of practice, he must show the exigencies of the case making the testimony material and necessary for him. Where the testimony of a party will only be cumulative—i. e., upon a point on which the party applying has other testimony of precisely the same character—it will rarely occur that such testimony is desired for use upon the trial. While the purpose of the statute is not to be defeated by technicalities, its plain language is not to be ignored. The practice of taking the deposition of a party before trial, if guarded, will aid—otherwise, may defeat—the administration of justice. If the situation of a case is disclosed, the judge, without the aid of any hard and fast rules, can tell whether it is a case in which the statute requires the granting of the application. All we decide now is that the record before us presents such a case.

The order is reversed.

Order reversed, with $10 costs and disbursements, and motion denied, with costs. All concur.