THOMPSON v. ALDEN et al.

(Supreme Court, Appellate Division, First Department. December 3, 1909.)

1. DISCOVERY (§ 38*)—RIGHT TO EXAMINE ADVERSE PARTY.

Under Code Civ. Proc. §§ 870–872, giving a party the right to examine an adverse party before trial to secure material evidence to be used on the trial, where plaintiff would be entitled on the pleadings to an interlocutory judgment for an accounting, and the only subject in litigation is the stating of the account, an examination before rendering such judgment is not necessary; but, where it is necessary to prove plaintiff's right to an accounting, such an examination may be necessary, where it appears that the witness sought to be examined can testify to material facts.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 38.*]

2. DISCOVERY (§ 58*)—RIGHT TO EXAMINE ADVERSE PARTY—PRODUCTION OF BOOKS.

In an action by a receiver of a corporation against another corporation and individuals for an accounting, in which it was alleged that the individuals controlled both corporations, and so manipulated the affairs of both that defendant corporation acquired a large part of the property of the other, an order requiring the individual defendants, as officers of defendant corporation, to submit to examination and to produce certain books of account showing transactions between the corporations, is authorized under Code Civ. Proc. § 872, subd. 7, providing that, if the party sought to be examined is a corporation, the order for examination shall direct the production of such books, the examination of which is desired, as it is the duty of the referee before whom the examination is to be held to confine the examination within proper limits.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 58.*]

Appeal from Special Term, New York County.

Action by Charles D. Thompson, as receiver of the International Automobile & Vehicle Tire Company, against Adelbert M. Alden and others. From an order granting a motion to vacate an order for the examination of defendants before trial, plaintiff appeals. Reversed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Edward P. Lyon, for appellant.
John W. Ingram, for respondents.

INGRAHAM, J. This action is brought for an accounting of moneys due to the corporation of which the plaintiff is receiver. The general ground upon which the plaintiff seeks to hold these defendants liable is that the corporation of which the plaintiff is receiver and the defendant International Rubber Company were both controlled by the individual defendants; that these individual defendants so manipulated the property of the plaintiff corporation that the defendant corporation acquired a large part of the property and moneys of the plaintiff corporation. The relief asked for is that the defendants and each of them be adjudged to account to the plaintiff as receiver for all moneys received by them, or either of them, growing out of the transactions set forth in the complaint, and to pay over to the plaintiff as such receiver such sum or sums as may be found due upon such an accounting, and also that the defendants be decreed to turn over to the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff, as such receiver, certain property of the plaintiff corporation. The defendants, answering this complaint, deny most of the allegations upon which the cause of action is based, and set up several affirmative defenses.

It is quite clear that upon the pleadings the plaintiff would not be entitled to an accounting; but many facts alleged in the complaint that are denied by the answer will have to be proved, and it is to obtain evidence of these facts to be used upon the trial that the plaintiff seeks to examine the individual defendants, who, as holders of a majority of the stock, control the defendant corporation and the plaintiff corporation. The provisions of Code Civ. Proc. §§ 870–872, give to a party to the action a right to examine an adverse party before trial to secure material evidence to be used upon the trial of the action. It is quite clear that where, upon the pleadings, the plaintiff would be entitled to an interlocutory judgment for an accounting, and the only subject in litigation is the taking and stating of the account, an examination before trial is not necessary, as upon the trial it would not be necessary to prove any facts, and so the examination of witnesses either before or at the trial is not required. Where, however, in an action for an accounting, to entitle a plaintiff to an interlocutory judgment to take and state the accounts, it is necessary to prove facts, taking of the testimony is essential, and to secure evidence to support his contention either party has a right to examine the adverse party either before or at the trial. On application of this character what we have tried to emphasize is that an examination before trial is only provided for to allow a party to obtain evidence for use at the trial, and to justify an order for an examination it must appear that the witness sought to be examined can testify to facts which are material on the trial to the party making the application, and where it appears from the pleadings that the plaintiff, to obtain the judgment which he demands, must prove facts at the trial, he may then examine an adverse party before trial to prove such facts upon the trial. That seems to be this case. We think, therefore, that the plaintiff was entitled to examine the defendants before trial, and that the order was improperly vacated.

The order for the examination requires one individual defendant to be examined as a witness, and other defendants to be examined individually and as director, treasurer, and manager of the Commercial Company, defendant, and also as treasurer of the International Rubber Company, defendant, and these witnesses are required to produce certain books of account of the corporation of which they are officers, showing the goods or moneys furnished by each of said companies to the plaintiff corporation, and the payments made to each of said companies by plaintiff corporation. Subdivision 7 of section 872 of the Code provides that, if the party sought to be examined is a corporation, the affidavit must state the names of the officers or directors thereof, or any of them, whose testimony is necessary and material, or the books and papers as to the contents of which an examination or inspection is desired, and the order to be made in respect thereto shall direct the examination of such persons and the production of such books and papers. Considering the nature of this action and the

.facts necessary for the plaintiff to prove, I think this provision in the order was justified. While. it is quite true that a general inspection and discovery of the books and papers of the defendant corporations could not be compelled in this proceeding, where as a part of the examination of the witnesses, who were the officers of the company, it is apparent that this examination could not be complete without the presence of such books and papers as will be necessary to refresh the recollection of the witnesses and enable them to testify, the production of such books and papers will be required. The witnesses are to be examined before a referee, and he will have the power to prevent any abuse of this order, and confine the examination to such facts as are within the terms of the order.

My conclusion is that the order appealed from should be reversed, with $10 costs and disbursements, and the order for the examination of the parties specified reinstated, the time for the examination to be fixed upon the settlement of the order. All concur.