## SEARLE v. HALSTEAD & CO.

(Supreme Court, Appellate Division, First Department. June 24, 1910.)

1. Discovery (§ 58*)—Examination Before Trial—Service of Subpœna—Necessity.

While an order for the examination before trial of defendant corporation as an adverse party, through certain of its officers, under Code Civ. Proc. § 873, was entirely distinct from an order for the examination of a witness, recently its secretary, under sections 871, 872, relating to the examination of witnesses not parties, defendant could be compelled to produce before the referee, for use upon examination of the witness under the second order, books actually in court which were produced at an examination of a former officer of defendant corporation pursuant to an order under section 873, in response to a subpœna duces tecum, without service of another subpœna duces tecum; the only purpose of such subpœna being to insure the production of the documents in court.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 58.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. DISCOVERY (§ 41*)—EXAMINATION BEFORE TRIAL—PROCEEDINGS—RELEVAN-
CY OF QUESTIONS.

On an examination of a corporate defendant before trial through its officers, questions asked for the purpose of having a witness read into the record entries in certain books, and not to refresh the memory of such witness by examining the books, were irrelevant and immaterial.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 41.*]

Appeal from Special Term, New York County.

Action by Clifford N. Searle against Halstead & Co. From an order answering questions certified by the referee, and denying a motion to compel witnesses to answer questions, plaintiff appeals. Affirmed as modified.

See, also, 136 App. Div. 937, 121 N. Y. Supp. 1147.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, McLAUGHLIN, and DOWLING, JJ.

Philip B. Adams, for appellant.
William H. Wadhams, for respondent.

DOWLING, J. In this action an order was obtained for the examination of the defendant, as an adverse party, on March 12, 1909. Thereunder, four of its officers were required to appear before a referee therein named, for examination pursuant to section 873 of the Code of Civil Procedure. Subsequently, on February 21, 1910, another order was obtained for the examination of George L. Lyon, late secretary of the defendant corporation, pursuant to sections 871, 872, and 873 of the Code of Civil Procedure, before the same referee who had theretofore been appointed under the prior order.

The questions which arise upon the present appeal were raised at Special Term by application for certain directions based upon the certificate of the referee. At the outset, it may be said that the defendant is correct in its contention that the examinations provided for by the two separate orders herein are different and distinct proceedings. The orders were made by different justices upon different dates, and are based upon different provisions of the Code of Civil Procedure. The first order is one for the examination of the defendant corporation as an adverse party, the examination being effected through the personal examination of certain specified officials thereof. It was an order for the examination of the corporation and not for the examination of the officers as such. Jacobs v. Mexican Sugar Refining Co. No. 2, 112 App. Div. 657, 98 N. Y. Supp. 542. On the other hand, the order for the examination of Lyon is one for the examination of a witness who is not a party to the proceedings, and is entirely distinct and different from the first order. Chittenden v. San Domingo Improvement Co., 132 App. Div. 169, 116 N. Y. Supp. 829; Chartered Bank v. North River Ins. Co., 136 App. Div. 646, 121 N. Y. Supp. 399; Diefendorf v. Fenn et al., 125 App. Div. 651, 110 N. Y. Supp. 68. But even though the two proceedings are entirely separate and distinct, the defendant was not justified in refusing to produce before the referee for use upon the examination of the witness Lyon, held

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pursuant to the terms of the second order, books and papers which were thus actually in court having theretofore been produced at an examination held pursuant to the terms of the first order, in response to a subpœna duces tecum which had been duly served. The referee directed that these books and papers should be produced for such examination, and was clearly within his rights and powers in so ordering.

The sole purpose of the serving of the subpœna duces tecum is to assure by orderly method the production of books and papers which are required for use in a hearing or trial. There is no necessity for such subpœna when the documents required are actually present in court. In this case, the books and papers sought to be submitted to the witness Lyon for the purpose of refreshing his recollection, if possible, concededly were physically present at the time before the referee. To say that they were only actually present for the purpose of examination under the second order and that, before they could be regarded as physically present for the purpose of examination under the first order, a further subpœna must be served, is a mere quibble, unworthy of serious consideration.

The third question presented is as to the relevancy and materiality of certain questions propounded to the witness Halstead. As to these questions it is sufficient to say that the objections urged against them are valid, as their sole purpose is not to disclose the recollection of the witness as refreshed by his examination of the books, but to have him read into the record the entries in the books themselves. This, of course, cannot be done.

As to the application to tax the disbursements of the proceedings, to a date specified, against the defendant, it suffices to say that, in the present state of the examination, no reason has been disclosed for such action.

The order appealed from will therefore be modified by answering the first and third questions certified by the referee in the negative, and the second question, so certified, in the affirmative; and, as so modified, the order is affirmed, with $10 costs and disbursements to the appellant. All concur.