## DEL GENOVESE v. DEL GENOVESE.

(Supreme Court, Appellate Division, Second Department.   February 23, 1912.)

1. ACCOUNT (§ 14*)—NATURE OF REMEDY—EQUITABLE ACTION.

A complaint, alleging that defendant entered into an agreement with plaintiff's intestate to become the manager of a certain lodging house, a leasehold interest in which, together with the furniture, belonged to plaintiff's intestate, that defendant was to receive one-half the net profits, that he continued to manage the property during the term of the lease, then took a lease of the same in his own name, but in reality in trust for plaintiff's intestate, and that there were profits under the agreement, the amount of which was unknown, and for a second cause of action alleging a transfer of real estate by plaintiff's intestate to defendant under an agreement by which defendant was to manage it and to retransfer it upon request, and asking for an accounting with respect to each transaction, sets out an action in equity for an accounting.

[Ed. Note.—For other cases, see Account, Cent. Dig. § 71; Dec. Dig. § 14.*]

2. ACCOUNT (§ 19*)—EQUITABLE ACTION—HEARING AND INTERLOCUTORY JUDGMENT.

Where the allegations of a complaint upon which the plaintiff's right to an accounting depends are denied, this issue must first be determined, and an interlocutory judgment entered; and until the making of the alleged agreements is established, and the terms thereof and the obligations of parties thereunder determined, defendant is not obliged to account.

[Ed. Note.—For other cases, see Account, Cent. Dig. §§ 94–108; Dec. Dig. § 19.*]

3. DISCOVERY (§ 41*)—EXAMINATION OF PARTIES—SUBJECT-MATTER—MATERIALITY.

Code Civ. Proc. § 872, subd. 4, and rule 82 of the General Rules of Practice, provide that, to entitle a party to examine the adverse party as a witness before trial, it must be shown that the testimony sought is material. Plaintiff, in an action for an accounting for profits under an agreement as to the management of a leasehold interest and under another agreement transferring real property upon agreement to retransfer, obtained an ex parte order for defendant's examination concerning the issues raised by the pleadings. *Held*, that the items and details were not essential to enable plaintiff to establish his right to an accounting, and hence he could not examine defendant, except as to the terms and conditions of the leasehold agreement, or as to the fact of an agreement to retransfer and its terms and conditions.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 54; Dec. Dig. § 41.*]

Appeal from Special Term, Kings County.

Action by Fidalma Del Genovese, as administratrix, etc., of Virgilio Del Genovese, against Alfredo Del Genovese. From an order of Special Term, directing defendant to appear and be examined con-

---

*For other cases see same topic & §_NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cerning the issues raised by the pleadings, defendant appeals. Order modified and affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

William K. Hartpence (L. Laflin Kellogg, on the brief), for appellant.

Walter Carroll Low, for respondent.

BURR, J. For a first cause of action plaintiff alleges that Virgilio Del Genovese and defendant entered into an agreement in October, 1890, by the terms of which defendant was to become the manager of a certain lodging house known as 268 Bowery, in the borough of Manhattan, a leasehold interest in which, together with the furniture and lodging house equipment, belonged to the said Virgilio Del Genovese. For his services defendant was to receive one-half of the net profits of the enterprise during the continuance of the lease or any renewals thereof, and all materials and furnishings bought for use therein were to be the property of the said Virgilio. It is alleged that the agreement was in writing, and that a paper annexed to the complaint is a copy thereof. It is further alleged that defendant became manager, and continued to manage said property so long as Virgilio was the lessee thereof, namely, from 1890 to 1902, when defendant took a lease of the same in his own name, but in reality as agent and in trust for said Virgilio. It is further alleged that net profits resulted from the enterprise, the amount of which is unknown, and that after retaining one-half thereof a large sum still remained due and owing from defendant to said Virgilio. It is alleged that the said Virgilio died January 27, 1907, that on November 9, 1908, plaintiff was appointed administrator of his estate, that a demand was made upon defendant for an accounting, and that such demand was refused.

For a second cause of action it is alleged that in December, 1893, said Virgilio transferred to defendant all his real estate, under an agreement by which defendant was to manage the same, with a like provision as to division of profits, and upon an agreement to retransfer to said Virgilio upon request. It is further alleged that a considerable amount of property was thereafter transferred to defendant under the terms of said agreement, some of which is specifically described, and the exact location of other property so transferred is stated to be unknown. It is alleged that defendant violated his agreement and refused to account. The prayer for relief is for an accounting with respect to each transaction.

For answer to the first cause of action defendant admits making an agreement with Virgilio respecting the said leasehold property, but denies that the agreement is correctly set forth in the complaint. For affirmative defenses payment is pleaded, and the statute of limitations. In answer to the second cause of action, all the allegations therein contained are denied, except the death of Virgilio and the demand by plaintiff, and affirmative defenses are pleaded, consisting of the statute of limitations, the statute of frauds, a defect of parties

defendant, and that plaintiff has not legal capacity to sue. The answer then sets up 11 counterclaims arising out of loans and advances made by defendant to said Virgilio, indebtedness arising on bonds and promissory notes made by him, and the conversion of certain personal property. The reply puts in issue all the allegations of the counterclaim, and pleads payment and the statute of limitations.

On the 3d of October, 1911, an order was obtained ex parte directing defendant to appear and be examined concerning the issues raised by the pleadings. Subsequently a motion was made to vacate and set aside said order, or to modify the same. This motion was denied, and from the order thereupon entered this appeal is taken.

[1] To sustain an order for the examination of an adverse party after issue joined in an action, it must affirmatively appear that such examination is material and necessary for the person applying therefor, in the prosecution or defense of such action (Code of Civil Procedure, § 872, subd. 4; General Rules of Practice, 82; Oakes v. Star Co., 119 App. Div. 358, 104 N. Y. Supp. 244). In the form in which this action is brought it must be sustained, if at all, as an action in equity for an accounting. Louda v. Revillon, 99 App. Div. 431, 91 N. Y. Supp. 194. When the allegations of a complaint upon which the right to such accounting depends are denied, this issue must first be determined, and an interlocutory judgment entered. If in favor of the plaintiff, under such judgment the accounting may be had. Until so determined an accounting is unnecessary. Moore v. Reinhardt, 132 App. Div. 707, 117 N. Y. Supp. 534; Bushby v. Berkeley, 135 App. Div. 443, 119 N. Y. Supp. 739; Gow v. Ward, 144 App. Div. 593, 129 N. Y. Supp. 466.

[2, 3] Until the making of the alleged agreements is established, and the terms thereof and the obligations of the parties thereunder are determined, defendant is not obliged to account. The items and details of such account are not essential to enable the plaintiff to maintain these issues. So far as the matters set up by way of counterclaim are concerned, if an accounting is ordered, it is fair to presume that these matters will be submitted for determination to the referee appointed to take such account. If a separate trial of these issues should be successfully demanded, and an examination of defendant should then become necessary, further application may be made for that purpose.

The order should be modified, so as to limit the examination of defendant so far as the first cause of action is concerned to the terms and conditions of the agreement with reference to the leasehold property referred to therein, to the fact of the renewals of the lease, if any were made, and the terms and conditions thereof. So far as the second cause of action is concerned, it should be limited to the fact of any agreement relative to any property referred to therein, and, if any such agreement existed, to the terms and conditions thereof and the property transferred thereunder.

As so modified, the order appealed from should be affirmed, without costs. Settle order before Mr. Justice BURR. All concur.