(80 Misc. Rep. 145.)

### SHOGRY v. NASER et al.

(Supreme Court, Appellate Term, First Department.   March 10, 1913.)

DISCOVERY (§ 107*)—EXAMINATION BEFORE TRIAL—SCOPE.

An order for the examination of defendant before trial on an application under Code Civ. Proc. § 872, was supplemented by a subpœna duces tecum, under which defendant's books were produced in court, and the defendant said he found a relevant entry, but that it did not refresh his memory, and refused to translate it, whereupon the court adjudged him guilty of contempt. *Held*, that the request was an effort at inspection

---

and discovery of defendant's books, not incidental or proper to his examination before trial, since the books produced on such examination are only required to refresh his memory, but not for a discovery of the books themselves, as provided by sections 803–809, so that defendant was not in contempt for refusing to answer.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 139; Dec. Dig. § 107.*]

Appeal from City Court of New York, Special Term.

Action by Kellel J. Shogry against Rafoul Naser and others, trading as Naser, Katen & Nahass. From an order adjudging one of the defendants guilty of contempt, they appeal. Reversed.

Argued March term, 1913, before LEHMAN, GERARD, and DE-LANY, JJ.

Goodale & Hanson, of New York City (Bert Hanson, of New York City, of counsel), for appellants.

Wahle & Kringel, of New York City (H. Lionel Kringel, of New York City, of counsel), for respondent.

DELANY, J. The order allowing the examination of defendants before trial was supplemented by a subpœna duces tecum, in obedience to which defendants' books were produced in order to make the examination effective, inasmuch as the evidence desired could not in all likelihood be given, except by the witness refreshing his recollection by reference to them. Defendant said he found an entry of an item seemingly relevant to the inquiry, but stated that it did not refresh his recollection. The entry was in the Arabic language, and counsel for the plaintiff requested the defendant to translate it; but the defendant refused. The court then directed the defendant to translate it; but, on advice of counsel, the defendant again refused. The court thereupon adjudged the defendant guilty of contempt. This appeal is taken from that order.

We think that the defendant was justified in refusing to answer, because the defendant was within his rights. The question was in effect an effort at inspection and discovery of defendants' books, and not one incidental or proper to the examination of a party before trial, under section 872 of the Code. Rosenbaum v. Rice, 36 Misc. Rep. 410, 73 N. Y. Supp. 714; Bloodgood v. Slayback, 62 App. Div. 315, 71 N..Y. Supp. 809. It has been held by practically the entire trend of judicial decisions that the books produced on such examination are only required to refresh the memory of the witness, so as to render this examination effective, but not for the purpose provided under sections 803–809 of the Code of Civil Procedure. Matter of Thompson, 95 App. Div. 542, 89 N. Y. Supp. 4; Boeck v. Smith, 85 App. Div. 575, 83 N. Y. Supp. 428.

The plaintiff in a proper case shown may have the right to inspection of the books; but such was not within the purview of the order under which this examination was taken, and plaintiff was without right, therefore, to secure it by indirection.

Order reversed, with $10 costs and disbursements. All concur.