## WILLIAMS v. SNOWMAN et al.

(Supreme Court, Special Term, Queens County. May 2, 1913.)

1. DISCOVERY (§ 38*)—EXAMINATION OF PARTIES BEFORE TRIAL.

In an action to set aside a deed, executed as additional security for a loan by defendants, plaintiff claimed that the loan had been paid from the proceeds of a sale by one of the defendants of other property, and applied for an order for their examination before trial as to whether or not the loan had been so paid. *Held* that, since proof of such fact was material to the granting of plaintiff's relief, plaintiff was entitled to examine them as prayed.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 51; Dec. Dig. § 38.*]

2. DISCOVERY (§ 40*)—EXAMINATION BEFORE TRIAL—LIMITATION.

In an action to set aside a deed given as a mortgage, in which plaintiff alleged that the debt had been paid, plaintiff's right to examine defendants before trial should be limited to the matters which plaintiff would be obliged to prove in support of her cause of action alleged in the complaint, and could not be extended to evidence in support of defendants' affirmative defenses.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 52, 53; Dec. Dig. § 40.*]

3. DISCOVERY (§ 74*)—BOOKS AND PAPERS—REFRESHING RECOLLECTION.

On an examination of defendants before trial, plaintiff was only entitled to have defendants' books and papers, that they might be used to refresh the recollection of the witnesses, and was not entitled to an inspection thereof in that proceeding.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 89; Dec. Dig. § 74.*]

Action by Augusta Williams against Lydia Snowman and others. On motion to vacate an order for examination of certain defendants before trial of an action to set aside a deed. Denied.

Gross & Surpless, of Brooklyn, for the motion.
Rasquin & Rasquin, of New York City, opposed.

BENEDICT, J. [1] The main point as to which it is sought to obtain the testimony of the defendants by an examination before trial is whether or not the loan made by the defendant Snowman to the defendant Rath has been paid. Plaintiff alleges in the fifth paragraph of her complaint that it has been paid, and this is denied by the answer. The plaintiff's contention is, as I understand it, that this loan was paid by the proceeds received from the sale by defendant Snowman of other properties given by the defendant Rath, along with the plaintiff's property, to secure repayment of said loan. To succeed, the plaintiff must prove the satisfaction of this debt. Hence it is material and necessary for her to show as part of her case in chief the consideration for the sale by defendant of such other properties. The defendants Snowman and Navinor have this evidence, and under the rules laid down in the more recent authorities (Goldmark v. U. S. Electro-Galvanizing Co., 111 App. Div. 526, 97 N. Y. Supp. 1078; Shonts v. Thomas, 116 App. Div. 854, 102 N. Y. Supp. 324; Koplin v. Hoe, 123 App. Div. 827, 108 N. Y. Supp. 602) the plaintiff is en-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

titled to examine them before trial in order to obtain this evidence. The case of Del Genovese v. Del Genovese, 149 App. Div. 266, 133 N. Y. Supp. 765, relied on by the defendants, was an equitable action for an accounting, and it was properly held that, until plaintiff had established her right to an accounting, an examination of defendant before trial as to matters pertaining to the accounting was not proper. But the case at bar is a very different case. It is an action to set aside a deed given as a mortgage, and to obtain the relief sought plaintiff must prove in the first instance that the debt has been discharged.

[2] I think the examination should be limited to the matters which plaintiff will be obliged to prove in support of the cause of action alleged in the complaint. While the court has power to order an examination of a defendant at the instance of the plaintiff to enable the latter to avoid an affirmative defense (Schweinberg v. Altman, 131 App. Div. 795, 116 N. Y. Supp. 318; People v. Natural Carbonic Gas Co., 140 App. Div. 802, 125 N. Y. Supp. 610; 19 Bench and Bar, 20; 25 Bench and Bar, 64), there are no facts alleged here which bring this case within the doctrine of these authorities. Plaintiff is not entitled to examine the defendants to find out what evidence they have in support of their affirmative defenses.

[3] So far as the subpoena is concerned, it is proper to require the production in this manner of such books and papers as may be necessary to refresh the recollection of the witness. Thompson v. Alden, 135 App. Div. 57, 59, 60, 119 N. Y. Supp. 742; Searle v. Halstead & Co., 139 App. Div. 134, 123 N. Y. Supp. 984. The court, upon the examination, can prevent any improper use of them. They should be used only to refresh the recollection of the witnesses, and the plaintiff is not entitled to have an inspection of them or its equivalent in this form of proceeding. Shogry v. Naser, 80 Misc. Rep. 145, 140 N. Y. Supp. 1014.

Motion to vacate order for examination of defendants, and to vacate subpoena, denied. The order will, however, be modified, so as to limit the examination to matters which plaintiff will be required to prove to sustain her cause of action. Settle order on notice.