### STEM v. WARREN et al.

(Supreme Court, Appellate Division, First Department. March 20, 1914.)

DISCOVERY (§ 40*)—EXAMINATION BEFORE TRIAL—EXTENT.

> Where, on the death of one of a firm of architects, the contract between it and a railroad to erect a depot was canceled according to the contract, and a new contract made with associate architects, in an action for an accounting against such associate architects, an order for examination before trial should be limited to the facts as to the contract and the new agreement.

> [Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 52, 53; Dec. Dig. § 40.*]

> McLaughlin and Clarke, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Allen H. Stem, individually, and as surviving partner, against Whitney Warren and others. From an order vacating an order for defendants' examination before trial, plaintiff appeals. Reversed and modified.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Harold Swain, of New York City, for appellant.

Charles F. Mathewson, of New York City, for respondents.

INGRAHAM, P. J. The order appealed from should be reversed, with $10 costs and disbursements, and the order for examination modified so as to limit the examination to the facts and circumstances leading up to and attendant on the cancellation of the contract between the railroad company and the associated architects, and the making of the new agreement with Warren & Wetmore; and the order for the examination as thus modified is reinstated.

LAUGHLIN and SCOTT, JJ., concur.

McLAUGHLIN, J. (dissenting). I am unable to concur with the other members of the court that the order appealed from should be reversed and the motion for an examination granted in so far as to permit the defendants Warren & Wetmore to be examined concerning the facts and circumstances leading up to and attendant upon the cancellation of the contract between the New York Central & Hudson River Railroad Company and the associated architects, and the making of the new agreement by the Railroad Company with Warren & Wetmore.

On February 8, 1904, two firms of architects, Warren & Wetmore and Reed & Stem, entered into a written agreement by which they

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

associated themselves together as firms, and not as individuals, for the purpose of preparing plans and supervising the construction of certain buildings in connection with the improvement of the Grand Central Terminal. On the same day, as associated architects, they entered into a contract with the New York Central Railroad Company which provided, among other things, as follows:

"The railroad company reserves, and the architects covenant and agree that the railroad company shall, at all times, have the right to terminate the employment of the architects upon the work or any part thereof herein provided for, by giving notice in writing to the architects or their executive head of intention so to do; and· the employment of the architects under the provision hereof shall be terminated and ended accordingly, upon such date as may be specified in any such notice in writing."

On the 12th of November, 1911, Mr. Reed, who was the principal member of the firm of Reed & Stem, and the executive head of the associated architects, died, and a few days thereafter the railroad company, acting under the provision of the contract quoted, notified Stem, as survivor of the firm of Reed & Stem, and Warren & Wetmore, of the termination of the employment of the associated architects, and that such termination would become effective on December 31, 1911. On the day the notice was given it entered into another contract with Warren & Wetmore to take charge of and complete the work from and after December 31, 1911.

Warren &. Wetmore are to be examined as to the facts and circumstances leading up to the cancellation of the contract with the associated architects and the making of the new contract. Testimony upon these subjects is not material or relevant to any legal claim of the plaintiff. The railroad company had the right to cancel the contract, and, having that right, it could then make a new contract with Warren & Wetmore. Upon the face of the complaint, as I read it, the plaintiff is not in a position to complain of the cancellation of the old contract, or the making of the new one. It is suggested, not by counsel, that on an appeal from an order directing the examination of a party before trial, the court will not examine the complaint for the purpose of ascertaining whether it states a cause of action. As a general proposition this may be true, but before an adverse party can be examined after issue has been joined in an action, it must affirmatively appear that such examination is material and necessary for the person applying therefor in the prosecution or·defense of such action (Code Civil Proc. § 872, subdiv. 4; General Rules of Practice, 82; Del Genovese v. Del Genovese, 149 App. Div. 266, 133 N. Y. Supp. 765; Oakes v. Star Co., 119 App. Div. 358, 104 N. Y. Supp. 244); and for the purpose of ascertaining that fact, not only the moving affidavits, but the pleadings as well, will be examined. Unless it does appear that the testimony sought to be elicited is material and necessary, the examination will be denied. This court so held in Oakes v. Star Co., supra, saying:

"While this court has somewhat relaxed the strict rules which have heretofore so operated as to greatly restrict the right of a party to examine his adversary as a witness before trial, it has not been our purpose to permit the disregard of the provisions of law relative to the facts necessary to be shown in order to obtain an order for such examination, or to permit such an examination to be had when it is apparent that no useful purpose can

be served. It is still necessary to show by the recitation of appropriate facts and circumstances that the testimony sought to be elicited is material and necessary for the party making the application."

Here, it clearly and conclusively appears, as I read the record, "that no useful purpose can be served" by the, examination. The railroad company, as indicated, had a right to cancel the contract with the associated architects and make a new one with Warren & Wetmore. What induced them to do so is no concern of the plaintiff.·

I, therefore, dissent from the decision about to be made by the other members of the court, and vote to affirm the order.

CLARKE, J., concurs.