VEJARANO v. BRUNING et al.   (No. 6694.)

(Supreme Court, Appellate Division, First Department. December 31, 1914.)

1. DISCOVERY (§ 36*) — EXAMINATION OF PARTY BEFORE TRIAL — SUBJECT-MATTER OF EXAMINATION.
   In an action in which an accounting is sought, plaintiff may examine defendant before trial upon the issues involving his right to an accounting, but not as to issues which may arise only if he succeeds in establishing defendant's duty to account; and hence an order permitting an examination as to matters pertaining to the measure of defendant's accountability, and not to the right to an accounting, was too broad.
   [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 49; Dec. Dig. § 36.*]

2. DISCOVERY (§ 40*) — EXAMINATION OF PARTY BEFORE TRIAL — SUBJECT-MATTER OF EXAMINATION.
   Except under unusual circumstances, a plaintiff has no right to examine a defendant before trial as to any fact which defendant must affirmatively establish as part of his defense; but, where the so-called defenses are substantially merely the negative of matters which plaintiff will have to prove as part of his affirmative case, the examination should not be denied.
   [Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 52, 53; Dec. Dig. § 40.*]

3. DISCOVERY (§ 36*) — EXAMINATION OF PARTY BEFORE TRIAL — SUBJECT-MATTER OF EXAMINATION.
   In a suit to set aside, on the ground of fraud, plaintiff's alleged abandonment of an insurance policy, which plaintiff admitted should stand as collateral security for an indebtedness to defendant, and to set aside his consent to a change of beneficiary, and his assignment of the policy, he was entitled to examine defendant before trial as to the state of the accounts between the parties at the time of the delivery and pledge of the policy, the release of his interest by abandonment or otherwise, and the change of beneficiary; this having some bearing upon the question of whether the transfer of the policy was fraudulently obtained, and whether it was absolute or as collateral security.
   [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 49; Dec. Dig. § 36.*]

Appeal from Special Term, New York County.

Action by Isais Vejarano against Nicholas Bruning and others, copartners doing business as Mecke & Co. From an order denying a motion to vacate an order for the examination of defendants before trial, they appeal. Order modified.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Earle T. Fiddler, of New York City, for appellants.

Vine H. Smith, of New York City, for respondent.

PER CURIAM.  [1-3] The order for defendant's examination states that such examination is to be "upon the issues in this action." Plaintiff may examine defendant upon all issues involving plaintiff's right to an accounting, but not as to issues which may arise only in the event that he succeeds in establishing defendant's duty to account. Nor has plaintiff, except under unusual circumstances (which do not exist here), any right to examine as to any fact which defendants must affirmatively establish as part of their defense.  These familiar principles are well settled in this department.  Del Genovese v. Del Genovese, 149 App. Div. 266, 133 N. Y. Supp. 765'; Lawson v. Hotchkiss, 140 App. Div. 297, 125 N. Y. Supp. 261; Tuthill v. Schinasi, 141 App. Div. 520, 126 N. Y. Supp. 409.

Plaintiff, on the ground of fraud, seeks to set aside his alleged abandonment of the policy, his consent to change of beneficiary, and as well his assignment of the policy; but he admits that the policy and its proceeds should stand as collateral for his indebtedness to defendants, if any.  The so-called defenses as pleaded are substantially merely the negative of the matters which plaintiff will have to prove as part of his affirmative case, and under these circumstances plaintiff's right to examine should not be denied.  The order, however, is too broad, inasmuch as it would permit an examination as to matters pertaining solely, not to the right to an accounting, but to the measure of defendants' accountability.

The order should be modified, so as to provide that an examination may be had concerning all transactions relating to the delivery and pledge of the policy to the defendants, the release of plaintiff's interest therein by abandonment or otherwise, to the circumstances under which the change of beneficiary was made, and also as to the state of the accounts between the parties as of the aforesaid periods.  The latter feature is one which may have some bearing upon the question as to whether the transfer of the policy was or was not fraudulently obtained, and whether it was absolute or as collateral security.

As so modified, the order should be affirmed, without costs to either party.