JOHN T. CLARKE, Suing on Behalf of Himself as a Stockholder of the Defendant AMERICAN PRESS ASSOCIATION, and on Behalf of Such Other Stockholders of the Defendant AMERICAN PRESS ASSOCIATION as May Be Similarly Situated and Who May Join the Plaintiff and Contribute to the Expense of This Action, Plaintiff, *v.* AMERICAN PRESS ASSOCIATION and Others, Defendants.

Supreme Court, Special Term, New York County, January 22, 1938.

*Albert Adams*, for the plaintiff.

*Brodek, Raphael & Eisner* [*Louis P. Eisner* of counsel], for the defendant American Press Association.

MCLAUGHLIN (CHARLES B.), J. *Searle* v. *Halstead & Co.* (139 App. Div. 134) appears to be authority contrary to the contention of the moving party. In that case a corporation had produced its books and records in connection with its examination before trial. An examination of its former officer was also being conducted. Although no *subpœna duces tecum* had been served upon the corporation requiring it to produce its books and records upon the examination of its former officer, the Appellate Division held that the corporation had been properly ordered by the court below to produce its books and records on the examination of its former officer, declaring that the service of a *subpœna duces tecum* was unnecessary, since the books were actually and physically present in court in connection with the examination of the corporation. It is clear from a reading of the opinion that the Appellate Division entertained no doubt that had a *subpœna duces tecum* been served upon the corporation to produce its books and records upon the examination of a former officer such a subpœna would have been valid. It was only because no such subpœna had been served that the court based its decision upon the physical presence of the books in court.

It is important to bear in mind, as this court pointed out in disposing of the original motion, that the books and records may be used only for the purpose of refreshing the recollection of the witness. They may not be offered in evidence, this being the distinction between the production of books and records pursuant to a subpœna and their production in response to an order of the court directing the same under section 296 of the Civil Practice Act. (See 4 Carmody on New York Practice, p. 2839; *Singer* v. *National Gum & Mica Co.*, 211 App. Div. 758.) The cases of *McGowan* v. *Eastman* (271 N. Y. 195) and *Western Elevating Assn., Inc.*, v. *Chapman* (238 App. Div. 14), cited in support of the present motion, are distinguishable in that they are related to orders under section 296 of the Civil Practice Act, and not to *subpœnas duces tecum*. Since section 296 of the Civil Practice Act expressly limits the production of books and papers to those " in the custody of the party or person to be examined," the appellate courts in the cases cited properly held that the courts below were without power to direct any one other than the person to be examined to produce books and papers.

There can be no doubt that upon the trial of the action any one in possession of documents which might refresh the recollection of a witness may be compelled to produce them pursuant to a *subpœna duces tecum*. The court sees no valid reason for denying the plaintiff the right to subpœna books and records on an examination before trial which he would possess in connection with the trial itself. In the instant case the witness to be examined is a former officer of the moving party. If the corporate books and records may not be subpœnaed to refresh the recollection of the witness, the examination of the latter may be partially or wholly frustrated because of the absence of records which may enable him to refresh his recollection. It does not appear that the moving party is likely to be prejudiced in any way by permitting its former officer, who is a codefendant, to refresh his recollection from the corporate books and records. Furthermore, the court presiding at the examination is in a position to prevent any improper use of the books and records.

The motion for reargument is granted, but upon such reargument the original disposition is adhered to. Settle order.