Ibving H. Saypol, J.
Motion and cross motion to vacate or modify the respective notices for examination before trial of the parties.
This is a representative action (Lien Law, § 71) for an accounting and to enforce a trust on funds received by an owner of a building pursuant to a mortgage and a building loan contract (see Lien Law, § 36). Defendant 513 East 75th St. Corp. is the owner; defendant Jacobson, its president; defendant Rosefried Corporation, the second mortgagee who allegedly were the holders in escrow of the disputed funds; and defendant Hill, a purported agent for Rosefried. Plaintiff alleges it supplied lumber for the improvement of the building.
Plaintiff presumably objects to an examination by defendants Rosefried and Hill as to the details of the sale of materials to the owner and as to all facts relevant to the issues of this case on the ground that it is premature, since the issue of misappropriation of the funds must first be decided. Plaintiff points out that should it and others similarly situated prevail, then and only then does its specific claim become relevant.
Defendant objects to being examined as to matters not germane to the issues.
The rule appears to be that there can be no general examination before trial in an action for accounting until the right to the accounting itself has been established (Moffat v. Phoenix Brewery Corp., 247 App. Div. 552). However, a limited examination is permitted solely on the issues on which the right to an accounting is predicated (Del Genovese v. Del Genovese, 149 App. Div. 266).
The scope of defendants’ proposed examination is proper since its obvious purpose is to establish whether plaintiff is in the category entitled to pursue this action.
Similarly, plaintiff’s proposed examination appears to be appropriate to establish its right to an accounting.
Motion and cross motion are accordingly denied. Let the examinations proceed on April 23, 1959 at 10:00 a.m. at Special Term, Part II of this court. Books and papers are to be produced pursuant to section 296 of the Civil Practice Act. Priority to be determined in accordance with rule XI of this court.
Settle order.